◼ In the Matter of RAMSAY M., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S

SERVICES OF THE CITY OF NEW YORK, Appellant; OLGA P. et al., Respondents. [794 NYS2d 105]—In a child protective proceeding pursuant to Family Court Act article 10, the Commissioner of the Administration for Children's Services of the City of New York appeals from an order of the Family Court, Queens County (Richardson-Thomas, J.), dated September 25, 2003, which, after a fact-finding hearing, dismissed the petition alleging, in effect, that the child Ramsay M. was derivatively neglected by the respondents Olga P. and Christian C., based upon the sexual abuse of the child Jessica A. by Christian C.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition alleging, in effect, that the child Ramsay M. was derivatively neglected by the respondents Olga P. and Christian C. is granted, and the matter is remitted to the Family Court, Queens County, for a dispositional hearing.

Family Court Act § 1046 (a) (i) provides that "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent." "Even in the absence of direct evidence of actual abuse or neglect of a second child, a derivative finding of neglect should be made where the evidence as to the directly abused or neglected child demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in their care, thereby making such a child neglected under Family Court Act § 1012 (f) (i) (B)" (*Matter of Brittney C.*, 242 AD2d 533, 534 [1997]).

In this case, the sexual abuse of Jessica A. by Christian C., as well as the neglect of Jessica A. by Olga P., clearly demonstrates that such a situation exists with respect to the child Ramsay M. Thus, the petition alleging, in effect, that the child Ramsay M. was derivatively neglected by the respondents Olga P. and Christian C. should have been granted, and the matter must be remitted to the Family Court, Queens County, for a dispositional hearing. S. Miller, J.P., Ritter, Goldstein and Lifson, JJ., concur.