■ In the Matter of JUSTIN P., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; NELINDA M., Appellant. (Proceeding No. 1.) In the Matter of NOEL DAVID M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; NELINDA M., Appellant. (Proceeding No. 2.) In the Matter of ANASTASIA P., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; NELINDA M., Appellant. (Proceeding No. 3.) In the Matter of NATALIE P., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; NELINDA M., Appellant. (Proceeding No. 4.) In the Matter of ROGELIA M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; NELINDA M., Appellant. (Proceeding No. 5.) In the Matter of SHEILA M. B., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; NELINDA M., Appellant. (Proceeding No. 6.) [856 NYS2d 177]—In six related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from three orders of disposition of the Family Court, Kings County (Hamill, J.), two dated March 27, 2007, and one dated March 28, 2007, which, upon an order of the same court dated May 17, 2006, granting the petitioner's motion for summary judgment finding that she abused and neglected the child Sheila M. B., and derivatively neglected the children Anastasia P., Justin P., Natalie P., Rogelia M., and Noel David M., and upon a fact-finding order of the same court also dated May 17, 2006, placed the children Anastasia P., Natalie P., and Rogelia M. in the custody of the petitioner, placed the child Sheila M. B. in the custody of her father, and released the children Justin P. and Noel David M. to her custody under the petitioner's supervision.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court

properly granted the motion of the petitioner, Administration for Children's Services (hereinafter ACS), for summary judgment. In support of its motion, ACS tendered the sworn testimony of the mother at a hearing held pursuant to Family Court Act § 1028 (hereinafter the 1028 hearing) (*see Matter of Christopher Anthony M.,* 46 AD3d 896, 897 [2007]), and a medical examiner's report of the autopsy of a sibling of the subject children. Through these submissions, ACS made a prima facie showing that the mother had abused the child Sheila M. B. (*see* Family Ct Act § 1012 [e] [ii]; *Matter of Devina S.,* 24 AD3d 188, 189 [2005]), neglected Sheila M. B. (*see* Family Ct Act § 1012 [f] [i] [B]; *Nicholson v Scoppetta,* 3 NY3d 357, 370 [2004]), and derivatively neglected the children Anastasia P., Justin P., Natalie P., Rogelia M., and Noel David M. (*see Matter of Amber C.,* 38 AD3d 538, 540-541 [2007]; *Matter of Alexis C.,* 27 AD3d 646, 648 [2006]; *Matter of Ramsay M.,* 17 AD3d 678, 679 [2005]). In opposition, the mother's submissions failed to demonstrate the existence of a triable issue of fact. Accordingly, the Family Court properly granted ACS's motion for summary judgment (*see Matter of Suffolk County Dept. of Social Servs. v James M.,* 83 NY2d 178, 182 [1994]; *Matter of Christopher Anthony M.,* 46 AD3d at 899).

Contrary to the mother's contention, the court did not act as an advocate for ACS when it questioned her at the 1028 hearing (*see People v Arnold,* 98 NY2d 63, 67 [2002]; *People v Nurse,* 8 AD3d 301 [2004]).

The mother's remaining contentions are without merit. Rivera, J.P., Santucci, Dickerson and Belen, JJ., concur.