■ In the Matter of ANGEL F., a Child Alleged to be Abused and Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BERTA B. Appellant. (Proceeding No. 1.) In the Matter of ESTEVAN F., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BERTA B., Appellant. (Proceeding No. 2.) In the Matter of CIARA G., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BERTA B., Appellant. (Proceeding No. 3.) In the Matter of MARVIN G., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BERTA B., Appellant. (Proceeding No. 4.) In the Matter of JAIME B., a Child Alleged to be Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BERTA B., Appellant. (Proceeding No. 5.) In the Matter of ANDREW M., a Child Alleged to be Neglected.

WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BERTA B., Appellant. (Proceeding No. 6.) [876 NYS2d 465]—

In six related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Westchester County (Edwards, J.), dated December 4, 2007, as, after fact-finding and dispositional hearings, and upon a decision of the same court dated October 9, 2007, found that she abused and neglected the child Angel F. and derivatively neglected the children Estevan F., Ciara G., Marvin G., Jaime B., and Andrew M.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court correctly found, by a preponderance of the evidence, that she abused and neglected her child Angel F. (hereinafter Angel) (see Family Ct Act § 1012 [f] [i] [A]; 1046 [b] [i]). The petitioner established that Angel's condition was such as should not ordinarily occur but for the actions or omissions of a parent or other person legally responsible for his care and thus constitutes neglect (see Family Ct Act § 1046 [a] [ii]; Matter of Zakrya M., 18 AD3d 754, 755 [2005]; Matter of Aniyah F., 13 AD3d 529, 530 [2004]) and further established that the mother's failure to seek medical care created the type of injury or risk thereof required for a finding of abuse (see Family Ct Act § 1012 [e]; Matter of Tevon C., 280 AD2d 473 [2001]; Matter of Quincy Y., 276 AD2d 419 [2000]).

The mother's treatment of Angel demonstrated such an impaired level of parental judgment as to create a substantial risk of harm to all of the children in her care, making such children neglected as a matter of law (see Matter of Amber C., 38 AD3d 538 [2007]; Matter of Justin P., 50 AD3d 802 [2008]; Matter of Andrew B., 49 AD3d 638 [2008]; Matter of Brian I., 51 AD3d 792 [2008]) and supporting the court's finding of derivative neglect of the siblings. Family Court Act § 1046 (a) (i) allows evidence of abuse or neglect of one sibling to be considered in determining whether other children in the household were abused or neglected (see Matter of Ramsay M., 17 AD3d 678 [2005]). Under the circumstances of this case, the finding of derivative neglect with respect to Angel's siblings Estevan F., Ciara G., Marvin G., Jaime B., and Andrew M. was supported by a preponderance of the credible evidence (see Matter of Baby Boy

*W.,* 283 AD2d 584 [2001]). "[A] court cannot and should not 'await broken bone or shattered psyche before extending its protective cloak around [a] child pursuant to . . . article 10 of the Family Court Act' " (*Matter of Cruz,* 121 AD2d 901, 903 [1986], quoting *Matter of Anthony,* 81 Misc 2d 342, 345 [1975]).

The mother's remaining contentions are without merit or do not warrant reversal. Fisher, J.P., Florio, Dickerson and Belen, JJ., concur.