In the Matter of JANIYAH T. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LATEEK C., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of KAMIYAH C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LATEEK C., Appellant, et al., Respondent. (Proceeding No. 2.) [918 NYS2d 885]—

The Family Court's determination that Lateek C. (hereinafter the appellant) neglected the child Janiyah T. was supported by a preponderance of the evidence. A "neglected child" is defined by the Family Court Act as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent . . . to exercise a minimum degree of care . . . in providing the

child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). The petitioner established, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), that the appellant's conduct impaired the mental or emotional well-being of Janiyah T., or placed that child in imminent danger of such impairment (*see* Family Ct Act § 1012 [f]; *Nicholson v Scoppetta*, 3 NY3d 357 [2004]; *Matter of Kevin M.H. [Kenneth H.]*, 76 AD3d 1015 [2010]). Accordingly, the Family Court properly found that the appellant neglected Janiyah T.

Further, the appellant's neglect of Janiyah T. evinced a flawed understanding of his duties as a parent and demonstrated an impaired level of parental judgment sufficient to support the Family Court's finding of derivative neglect of the child Kamiyah C. (*see Matter of Lauryn H. [William A.]*, 73 AD3d 1175 [2010]; *Matter of Grant W. [Raphael A.]*, 67 AD3d 922 [2009]).

In light of our determination, the appellant's remaining contentions need not be addressed. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.