■ In the Matter of BENJAMIN VV. and Others, Children Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LARRY VV., Appellant. [939 NYS2d 588]—

Stein, J.

Respondent is the divorced father of Benjamin VV. (born in 1996), Maxwell VV. (born in 1998) and Samuel VV. (born in 2001), who were living with him at all relevant times herein. One evening, after Benjamin struck Samuel, Benjamin and respondent became involved in an altercation during which Benjamin sustained an injury to his eye. Petitioner was notified of the incident and thereafter commenced this neglect proceed-

---

ing against respondent. A fact-finding hearing was held, at which Benjamin did not testify. However, his medical records, supporting deposition and photographs of his eye were introduced, as was the testimony of two witnesses who spoke with Benjamin at the hospital the day after the altercation. Family Court determined that respondent had struck Benjamin in the eye, that this conduct constituted excessive corporal punishment and that, as a result, Benjamin was a neglected child. The court also found that, because Maxwell and Samuel were present during the altercation between respondent and Benjamin, they were derivatively neglected. Respondent now appeals the finding of neglect with respect to all three children.

" '[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with proper supervision or guardianship' " (*Matter of Anthony TT. [Philip TT.]*, 80 AD3d 901, 902 [2011], *lv denied* 17 NY3d 704 [2011], quoting *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). The infliction of excessive corporal punishment may constitute neglect (*see* Family Ct Act § 1012 [f] [i] [B]), and a single incident may form the basis for such a finding (*see Matter of Steven M. [Stephvon O.]*, 88 AD3d 1099, 1101 [2011]; *Matter of Bianca QQ. [Kiyonna SS.]*, 75 AD3d 679, 681 [2010]).

Here, it is undisputed that Benjamin sustained an eye injury. However, respondent denies that he intentionally inflicted such injury. Otsego County Sheriff's Investigator Michael Covert, a trained emergency medical technician, testified that Benjamin's injury was consistent with having been punched in the eye and inconsistent with having fallen against furniture. In addition, Benjamin provided a sworn statement in the presence of Covert and an Otsego County child protective caseworker alleging that respondent hit him in the eye and repeated the allegation to his mother while they were at the hospital. The hospital record, which was admitted into evidence, also indicates that Benjamin was punched in the eye by his father. Photographs of Benjamin's injured eye, taken the day after the altercation, were also introduced into evidence. While Benjamin did not testify in court, his out-of-court statements were sufficiently corroborated by the physical evidence and Covert's observation to support the finding of neglect (*see Matter of Joshua UU. [Jessica XX.— Eugene LL.]*, 81 AD3d 1096, 1098 [2011]). Given Family Court's

discretion to determine the sufficiency of the evidence (*see Matter of Sasha R.*, 24 AD3d 902, 903 [2005]) and according due deference to the court's credibility determinations (*see Matter of Brooke KK. [Paul KK.]*, 69 AD3d 1059, 1061 [2010]), we find Family Court's determination of neglect with respect to Benjamin to be supported by the record.

We reach a different conclusion, however, with regard to Family Court's finding of respondent's derivative neglect of the other two children. Evidence of neglect of one child "typically may not serve as the sole basis for a finding of neglect [of another child, unless] the nature of the direct [neglect], notably its duration [and] the circumstances surrounding its commission[,] . . . evidence[s] fundamental flaws in the respondent's understanding of the duties of parenthood" (*Matter of Evelyn B.*, 30 AD3d 913, 914-915 [2006], *lv denied* 7 NY3d 713 [2006] [internal quotation marks and citations omitted]). Here, testimony suggests that Benjamin has a history of conflict with respondent, whereas there was no such evidence regarding the younger two children. Nor was there evidence of a longstanding pattern of neglectful conduct toward Benjamin. On this record, we find insufficient evidence to establish that respondent derivatively neglected Maxwell and Samuel.

Lahtinen, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found that respondent derivatively neglected Maxwell VV. and Samuel VV., and, as so modified, affirmed.