■ In the Matter of DAVID H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; OCTAVIA P., Appellant. (Proceeding No. 1.) In the Matter of DAVONE H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; OCTAVIA P., Appellant. (Proceeding No. 2.) In the Matter of DAVONA H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; OCTAVIA P., Appellant. (Proceeding No. 3.) In the Matter of DAVIA H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; OCTAVIA P., Appellant. (Proceeding No. 4.) [7 NYS3d 452]—

Appeal from an order of fact-finding of the Family Court, Kings County (Ann E. O'Shea, J.), dated June 6, 2014. The order, upon a decision of that court dated June 5, 2014, made after a hearing, found that the mother neglected the children Davone H. and Davona H., and derivatively neglected the children David H. and Davia H.

Ordered that on the Court's own motion, the mother's notice of appeal from a decision of the same court dated June 5, 2014, is deemed a premature notice of appeal from the order (*see* CPLR 5520 [c]); and it is further,

Ordered that the order of fact-finding is affirmed, without costs or disbursements.

In the instant child protective proceeding, the petitioner alleged that the mother neglected the children Davone H. and Davona H., and, by subsequent amendment, that the mother derivatively neglected the children David H. and Davia H. After a fact-finding hearing, the Family Court found that the mother neglected Davone H. and Davona H. by inflicting excessive corporal punishment on them and by failing to supply them with adequate food, and that she derivatively neglected the children David H. and Davia H.

In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). To satisfy this standard, the petitioner may rely upon prior out-of-court statements of the subject children, provided that they are properly corroborated (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]; *Matter of Jada K.E. [Richard D.E.]*, 96 AD3d 744 [2012]; *Matter of Tristan R.*, 63 AD3d 1075, 1076 [2009]). Such out-of-court statements "may be corroborated by '[a]ny other evidence tending to support' their reliability" (*Matter of Nicole V.*, 71 NY2d at 118, quoting Family Ct Act § 1046 [a] [vi]).

Contrary to the mother's contention, the Family Court's finding that she neglected Davone and Davona by inflicting excessive corporal punishment on them (*see* Family Ct Act § 1012 [f] [i] [B]) is supported by a preponderance of the evidence. Davone's and Davona's out-of-court statements that their mother, on more than one occasion, struck them with her fist and other objects such as an electric cord, wire hangers, and a broomstick were corroborated by caseworkers' personal observations of injuries sustained by one of the children, medical records documenting that child's injuries, and their own cross-corroborating statements (*see Matter of Arique D. [Eliza-*

*beth A.]*, 111 AD3d 625 [2013]; *Matter of Iouke H. [Terrence H.]*, 94 AD3d 889, 891 [2012]).

The Family Court's further finding that Davone and Davona were neglected as a result of the mother's failure to exercise a minimum degree of care in supplying them with adequate food (Family Ct Act § 1012 [f] [i] [A]) is also supported by a preponderance of the evidence. Davone's and Davona's out-of-court statements, in this respect, cross-corroborated each other and were further corroborated by a caseworker's personal observation of the lack of food in the household (*see Matter of Arique D. [Elizabeth A.]*, 111 AD3d at 627).

Lastly, since the evidence of neglect as to Davone and Davona demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for other children in the mother's care, the Family Court properly found that the children David and Davia were derivatively neglected (*see* Family Ct Act § 1046 [a] [i]; *Matter of Janiyah T. [Lateek C.]*, 82 AD3d 1108, 1109 [2011]; *Matter of Tylasia B. [Wayne B.]*, 72 AD3d 1074 [2010]). Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.