*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 3, 2015                    519754
_____

In the Matter of DAWN M. and
    Others, Alleged to be
    Neglected Children.

BROOME COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                             MEMORANDUM AND ORDER
                        Respondent;

MICHAEL M.,
                        Appellant.
_____

Calendar Date:   October 23, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

_____

Samuel D. Castellino, Big Flats, for appellant.

Kuredin V. Eytina, Broome County Department of Social Services, Binghamton, for respondent.

Steven J. Getman, Interlaken, attorney for the children.

_____

Devine, J.

Appeal from an order of the Family Court of Broome County (Pines, J.), entered June 10, 2014, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the father of Desirae M. (born in 2004), Samantha M. (born in 2007), Summer M. (born in 2008) and Dawn M. (born in 2009), all four of whom were living with him at the home of the paternal grandmother.  Desirae was observed to have

bruising on her face in September 2013 and, upon inquiry by investigators, both she and two of her sisters accused respondent of having struck her. Petitioner commenced this Family Ct Act article 10 neglect proceeding soon thereafter and, following a fact-finding hearing, Family Court adjudicated Desirae to be neglected and her sisters to be derivatively neglected. Respondent stipulated to the terms of the ensuing dispositional order, and he now appeals.

Contrary to respondent's contention, there was ample proof in the record to support the finding of neglect with regard to Desirae. "[A] neglected child is one, as relevant here, 'whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of . . . the infliction of excessive corporal punishment'" (Matter of Nicholas S. [John T.], 107 AD3d 1307, 1308 [2013], lv denied 22 NY3d 854 [2013], quoting Family Ct Act § 1012 [f] [i] [B]; see Matter of Benjamin VV. [Larry VV.], 92 AD3d 1107, 1108 [2012]). A single incident of excessive corporal punishment may form the basis for a neglect finding (see Matter of Benjamin VV. [Larry VV.], 92 AD3d at 1108).

Desirae indisputably sustained a facial injury, with large marks visible in photographs taken the day after the incident. An employee of petitioner who investigated the incident, Kathleen Bednar, testified that both she and a doctor who examined Desirae believed the markings to be consistent with an adult handprint. Although Desirae initially gave a different account of what caused her injury, she later affirmed in a supporting deposition that her father had become angry and struck her in the face after she told her mother that he had not helped with her homework. Two of her sisters also disclosed that their father had struck Desirae and, while none of the children testified, their out-of-court statements cross-corroborated one another and were further corroborated by the testimony and documentary evidence presented at the hearing (see Family Ct Act § 1046 [a] [vi]; Matter of Benjamin VV. [Larry VV.], 92 AD3d at 1108; Matter of Bianca QQ. [Kiyonna SS.], 75 AD3d 679, 680 [2010]). Although respondent and the paternal grandmother offered a plethora of alternate explanations for the injuries sustained by Desirae, "according due deference to the court's credibility determinations, we find

Family Court's determination of neglect with respect to [Desirae] to be supported by the record" (<u>Matter of Benjamin VV. [Larry VV.]</u>, 92 AD3d at 1109 [internal citation omitted]).

To the extent that respondent challenges the further finding of derivative neglect with regard to the other three children, "proof of . . . neglect of one child is admissible to support a finding of neglect against another child" (<u>Matter of Shay-Nah FF. [Theresa GG.]</u>, 106 AD3d 1398, 1400 [2013], <u>lv denied</u> 21 NY3d 863 [2013]; <u>see</u> Family Ct Act § 1046 [a] [i]).  Inasmuch as the record "demonstrates fundamental flaws in [respondent's] understanding of the duties of parenthood . . . that are so profound as to place any child in his . . . care at substantial risk of harm," most notably with proof of respondent's failure to engage in rehabilitative services as required by a 2013 adjudication that he had neglected all four children, no basis exists to disturb the finding of derivative neglect (<u>Matter of Alexander Z. [Melissa Z.]</u>, 129 AD3d 1160, 1163 [2015], <u>lv denied</u> 25 NY3d 914 [2015] [internal quotation marks and citations omitted]; <u>see</u> <u>Matter of Sumaria D. [Madelyn D.]</u>, 121 AD3d 1203, 1205-1206 [2014]; <u>Matter of Sidney FF.</u>, 44 AD3d 1121, 1122-1123 [2007]).

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court