■ In the Matter of RICKY S. ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; LYNDELL S., SR., et al., Respondents. (Proceeding No. 1.) In the Matter of LYNISHA S. ADMINISTRA-

TION FOR CHILDREN'S SERVICES, Petitioner; LYNDELL S., SR., et al., Respondents. (Proceeding No. 2.) In the Matter of LEAN S., Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LYNDELL S., SR., Respondent, et al., Respondents. (Proceeding No. 3.) In the Matter of PASQUALE S. ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; LYNDELL S., SR., et al., Respondents. (Proceeding No. 4.) In the Matter of LINASIHA S. Administration for Children's Services, Petitioner; LYNDELL S., SR., et al., Respondents. (Proceeding No. 5.) In the Matter of LYNDELL S., JR. ADMINISTRATION FOR CHILDREN'S SERVICES, Petitioner; LYNDELL S., SR., et al., Respondents. (Proceeding No. 6.) [30 NYS3d 339]—

Appeal from an order of fact-finding of the Family Court, Kings County (Robert D. Mulroy, J.), dated March 13, 2015. The order, insofar as appealed from, upon a decision of that court dated March 12, 2015, made after a fact-finding hearing, found that the father derivatively neglected the child Lean S.

Ordered that the order is reversed insofar as appealed from, on the law and the facts and in the exercise of discretion, without costs or disbursements, and the petition on behalf of Lean S. is dismissed insofar as asserted against the father.

The Commissioner of Administration for Children's Services (hereinafter ACS) commenced six related child protective proceedings pursuant to Family Court Act article 10. ACS alleged, inter alia, that the mother Tunisha S. and the father Lyndell S., Sr., educationally neglected Lynisha, the then 15-year-old sister of the subject child Lean S., and neglected her siblings.

At the fact-finding hearing with respect to the father, ACS presented evidence that Lynisha was absent from school 39 days and present 35 days from the beginning of the school year in September 2012 through January 15, 2013. The father spoke with the school guidance counselor on December 13, 2012. He met with the school guidance counselor and Lynisha on December 14, 2012, to discuss Lynisha's absences and was informed that "keeping child home in the [future] will result in an ACS referral." Lynisha's attendance records indicate that she was absent from school every day between December 13, 2012, and January 15, 2013, and that all of her absences were unexcused.

In November 2012, Lynisha told school authorities that she was absent because of the hurricane. Thereafter, she told a

caseworker that most of the recorded absences were recorded in error because her identification card was bent and she was unable to swipe it through the school's scanning machine.

At the fact-finding hearing, the father began to testify on direct examination, but the hearing was adjourned before his testimony was complete. Thereafter, the father's counsel withdrew his testimony and moved to dismiss the petition against him for failure of proof.

There was no evidence showing that any of the other school-aged children missed school. Thereafter, it was argued that, even assuming that Lynisha missed school, there was no evidence that this resulted from the father's failure to exercise a minimum degree of care and, in any event, Lean S., was not of school age.

The Family Court drew a negative inference based on the father's failure to offer testimony and, in an order of fact-finding dated March 13, 2015, found that the father educationally neglected Lynisha and derivatively neglected her siblings. Lean S. appeals from so much of the order as found that the father derivatively neglected her.

" 'In a child protective proceeding pursuant to Family Court Act article 10, a finding that a child is abused or neglected must be supported by a preponderance of the evidence' " (*Matter of Richard S. [Lacey P.]*, 130 AD3d 630, 633 [2015], quoting *Matter of Harmony M.E. [Andre C.]*, 121 AD3d 677, 679 [2014]). Here, the parties do not challenge the finding that the father educationally neglected Lynisha.

Under Family Court Act § 1046 (a) (i), "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (*see Matter of Angel F.*, 60 AD3d 1055, 1056 [2009]). A finding of derivative neglect is warranted where the abuse or neglect of one child demonstrates "such an impaired level of parental judgment as to create a substantial risk of harm for other children in the [parent's] care" (*Matter of David H. [Octavia P.]*, 127 AD3d 1084, 1086 [2015]), even in the absence of direct evidence that the subject child was abused or neglected (*see Matter of Jelani B.*, 54 AD3d 1032 [2008]; *Matter of Dareth O.*, 304 AD2d 667, 668 [2003]). Educational neglect of a school-age child may warrant a finding of derivative neglect with respect to a child younger than school age, under the circumstances of the particular case (*see Matter of Danny R.*, 60 AD3d 450, 450 [2009]).

However, under the circumstances of this case, the truancy of one teenaged child, who resisted going to school, did not

establish derivative neglect of Lean S., who was not even of school age (*see Matter of Benjamin VV. [Larry VV.]*, 92 AD3d 1107 [2012]; *cf. Matter of Chad V.*, 265 AD2d 607 [1999]).

The appellant's remaining contention need not be addressed in light of our determination. Leventhal, J.P., Hall, Hinds-Radix and LaSalle, JJ., concur.