Rose, J.
Appeals from two orders of the Family Court of Broome County (Pines, J.), entered June 16, 2015 and July 7, 2015, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent Jennifer K. (hereinafter the mother) is the mother of four daughters (born in 2003, 2004, 2006 and 2008). In August 2014, petitioner commenced this proceeding against the mother and her then-boyfriend, respondent Jacob R, alleging that they had neglected the children by, among other things, exposing them to domestic violence. Jacob P. thereafter stipulated to an order of neglect and admitted that the police responded to a domestic violence incident in June 2014 involving him and the mother “while the children were present” and that he continued to reside with and care for the children after this incident despite the fact that the mother had obtained an order of protection against him. Following a fact-finding hearing, at which three caseworkers from Child Protective Services testified regarding statements made by each of the children, Family Court found that petitioner had established that the mother neglected the children.* The mother now appeals.
The mother contends that Family Court’s determination lacks a sound and substantial basis because the children’s statements to the caseworkers were uncorroborated and there was no evidence presented that the children were exposed to any incidents of domestic violence. We are not persuaded. Although a child’s out-of-court statement of neglect is subject to a corroboration requirement in a Family Ct Act article 10 proceeding (see Family Ct Act § 1046 [a] [vi]), it is well settled that “[a] relatively low degree of corroborative evidence is sufficient to meet this threshold, and the reliability of the corroboration, as well as issues of credibility, are matters entrusted to the sound discretion of Family Court and will not be disturbed unless clearly unsupported by the record” (Matter of Stephanie RR. [Sullivan County Dept. of Social, Servs. — Pedro RR.], 140 AD3d 1237, 1238 [2016] [internal quotation marks and citations omitted]; accord Matter of Dylynn V. *1245 [Bradley W.], 136 AD3d 1160, 1162 [2016]). “While the mere repetition of an accusation by a child is insufficient to corroborate the child’s prior account of abuse or neglect” (Matter of Dylynn V. [Bradley W.], 136 AD3d at 1162 [citations omitted]), “independent statements by children requiring corroboration may corroborate each other” (Matter of Dylan R. [Jeremy T.], 137 AD3d 1492, 1493 [2016] [internal quotation marks, brackets and citation omitted], lv denied 27 NY3d 912 [2016]; see e.g. Matter of Dawn M. [Michael M.], 134 AD3d 1197, 1198 [2015]; Matter of Justin A. [Derek C.], 133 AD3d 1106, 1108 [2015], lv denied 27 NY3d 904 [2016]).
At the fact-finding hearing, one of the caseworkers testified that the children had separately disclosed that the mother and Jacob P. fought in front of them and that they had observed the police come to the home “a lot” because of arguments and “big fights.” Two of the children also recounted an incident during which the mother and Jacob P. were “pushing one another” and Jacob P. ended up pushing one of the children. On another occasion, two of the children witnessed the mother lock Jacob P. out of the home during an argument and observed Jacob P. crawl back in through a window. Further testimony revealed an incident where Jacob P. was upset and threw clothing at both the mother and the children. Another caseworker testified that each child had disclosed feeling “scared” or “unsafe” as a result of the fighting that transpired between the mother and Jacob P. In addition to the foregoing, the evidence established that, in early June 2014, Jacob P. summoned the police to the mother’s home after she allegedly hit him and, when a police officer arrived, he observed that the children were present. Later that same month, the mother called the police after Jacob P. followed her around the apartment, yelled at her in front of the children and “smash[ed]” her dresser, after which she sent the children to a neighbor’s home. The mother obtained an order of protection against Jacob P. as a result of this incident, but she refused to follow the caseworker’s recommendation that she also obtain an order of protection in favor of the children. Instead, the mother allowed Jacob P. to continue to reside with her and engaged in efforts to “reduce” the terms of the order. Jacob P. was later arrested for violating the order of protection after the mother called the police in August 2014 regarding a domestic incident that occurred while the children were at the home.
Aside from the incidents involving Jacob R, the mother also has a history of engaging in domestic violence with her ex-husband in the presence of the children. In this regard, one of *1246 the caseworkers testified that the mother acknowledged that one of the children was “very messed up” as a result of witnessing domestic violence committed by her ex-husband and that the children were all receiving counseling from a domestic violence shelter to address what they had witnessed. For her part, the mother acknowledged that, despite the domestic violence history with her ex-husband, in January 2014, she allowed him to spend a substantial amount of time in her home. The mother also admitted that Jacob P. was a heroin addict, she let him back into her home after he had relapsed and she advised all of the children not to be alone with him. Throughout her testimony, the mother minimized her vast history with domestic violence, Jacob P.’s behavior and the reason the children are in counseling, thereby demonstrating “that she lacked insight into the effect her actions had on the children’s emotional and physical well-being” (Matter of Celine O. [Johanna Q.], 68 AD3d 1373, 1374 [2009], lv denied 15 NY3d 704 [2010]).
In light of the foregoing evidence, we find that, although none of the children testified, their out-of-court statements sufficiently cross-corroborated one another (see Family Ct Act § 1046 [a] [vi]; Matter of Dawn M. [Michael M.], 134 AD3d at 1198; Matter of Justin CC. [Tina CC.], 77 AD3d 1056, 1059 [2010], lv denied 16 NY3d 702 [2011]). Further, the cases primarily relied upon by the mother involve either circumstances where the child did not witness the domestic violence (see Matter of Alyssa OO. [Andrew PP.], 68 AD3d 1158, 1160 [2009]) or only one isolated incident of domestic violence occurred in the child’s presence (see Matter of Eustace B. [Shondella M.], 76 AD3d 428, 429 [2010]). After according due deference to Family Court’s credibility determinations, we find that the record provides a sound and substantial basis to support the finding of neglect (see Matter of Anthony FF. [Lisa GG.], 105 AD3d 1273, 1274 [2013]; Matter of Celine O. [Johanna Q.], 68 AD3d at 1374).
McCarthy, J.P., Garry, Lynch and Aarons, JJ., concur.
Ordered that the orders are affirmed, without costs.

 Family Court transferred the dispositional phase of the proceeding to Otsego County, given that the mother and the children had moved there after the commencement of this proceeding.