■ In the Matter of JAKOB Z. and Another, Alleged to be Neglected Children. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MATTHEW Z., Appellant; MARE AA., Respondent. [66 NYS3d 744]—

McCarthy, J.P. Appeal from an order of the Family Court of Broome County (Young, J.), entered November 22, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

Respondent Matthew Z. (hereinafter the father) and respon-

dent Mare AA. (hereinafter the mother) are the parents of a son (born in 2005) and a daughter (born in 2008). Petitioner commenced this proceeding against respondents for neglecting their children. The mother made an admission of neglect, which Family Court accepted. At the fact-finding hearing with respect to the father, petitioner elicited testimony from its caseworker and the mother. The father did not testify or offer any evidence. Family Court found that the father neglected his two children, placed the children under petitioner's supervision and imposed numerous conditions on the father. He now appeals.

We affirm. A petitioner seeking to establish neglect must show, by a preponderance of the evidence, that the children's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" and that the actual or threatened harm to the children results from the parent's failure to exercise a minimum degree of care in providing the children with proper supervision or guardianship or by inflicting excessive corporal punishment (Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). "[P]revious statements made by [a] child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect" (Family Ct Act § 1046 [a] [vi]). "A relatively low degree of corroborative evidence is sufficient to meet this threshold, and the reliability of the corroboration, as well as issues of credibility, are matters entrusted to the sound discretion of Family Court and will not be disturbed" if they are supported by a sound and substantial basis in the record (Matter of Justin CC. [Tina CC.], 77 AD3d 1056, 1057 [2010] [citations omitted], lv denied 16 NY3d 702 [2011]; see Matter of Emmanuel J. [Maximus L.], 149 AD3d 1292, 1294 [2017]).

At the hearing, the caseworker testified that she noticed bruising on the son's elbow and a laceration in his armpit. Pictures of these injuries were entered into evidence. The son told the caseworker that the father became angry about a shirt, so he ripped it off the son's body, causing him to cry. The daughter told the caseworker that she did not see the incident, but heard it and saw the son's arm bleeding. The mother also did not observe the incident, but she heard it, saw the torn shirt and saw the son upset, flushed and crying. The caseworker testified that the father admitted being angry that his son lied about whether the shirt fit properly, and admitted being rough when removing the shirt from the son. The statements from

the mother and the father, as well as the pictures, corroborated the statements of the children, establishing that the father caused bruises and a laceration to the son. Whether this is classified as excessive corporal punishment or inadequate guardianship, the father impaired the son's physical and emotional condition, or at least placed him in imminent danger of being impaired.

The mother testified about an incident a few days later in which the father became angry about table manners. He yelled and banged his hand on the table, causing the children to become quiet and reserved. After the father and the mother argued, he locked the mother out of the house and she called the police. The father then barricaded himself in a bedroom with the children, blocking the door with furniture such that they could not leave for approximately three hours. The caseworker testified that, when the door finally opened, both children saw the police with shields and guns, and the daughter said she was scared that the father might get shot by the police. The independent out-of-court statements of the children cross-corroborated each other, as well as being corroborated by the mother's testimony (*see Matter of Annarae I. [Jennifer K.]*, 148 AD3d 1243, 1246 [2017], *lv denied* 29 NY3d 909 [2017]; *Matter of Dawn M. [Michael M.]*, 134 AD3d 1197, 1198 [2015]).

Furthermore, the daughter told the caseworker that she noticed bruises on the mother "all the time." The caseworker testified that both children told her that they became upset when the parties would argue. The mother acknowledged that the children were home for at least two incidents of physical abuse perpetrated upon her by the father. The father told the caseworker that he had been arrested for violating an order of protection prohibiting him from harassing the mother, and he did not blame the mother for being afraid of him based on what he had done to her. The mother testified to an incident in which the father pushed her on the stairs, causing her to fall. According to the mother, the daughter witnessed this incident. The daughter told the caseworker that during this incident the mother was crying and asking the father to leave her alone. The witnessing of this act of domestic violence, which was part of a pattern, provides an additional basis for finding that the father neglected the daughter (*see Matter of Marcus JJ. [Robin JJ.]*, 135 AD3d 1002, 1005 [2016]). Accordingly, we will not disturb Family Court's finding that the father neglected both children.

Rose, Devine, Mulvey and Rumsey, JJ., concur. Ordered that the order is affirmed, without costs.