Matter of Javaris K. C. (James C.) (2019 NY Slip Op 08403)





Matter of Javaris K. C. (James C.)


2019 NY Slip Op 08403


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-03749 
2018-03753
 (Docket No. N-32157-15)

[*1]In the Matter of Javaris K. C. (Anonymous). Administration for Children's Services, petitioner- respondent; James C. (Anonymous), appellant, et al., respondent.


Joel Borenstein, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Richard Dearing and Carolyn Walther of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Claire V. Merkine), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Alicea Elloras, J.), dated May 16, 2017, and (2) an order of disposition of the same court dated February 22, 2018. The order of fact-finding, after a hearing, found that the father derivatively neglected the subject child. The order of disposition, insofar as appealed from, upon the order of fact-finding and upon a decision of the same court also dated February 22, 2018, made after a hearing, inter alia, directed the father to comply with enumerated terms and conditions. The notice of appeal from the decision is deemed to be a notice of appeal from the order of disposition (see CPLR 5512[a]).
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
Contrary to the father's contention, the Family Court's finding of derivative neglect is supported by a preponderance of the evidence. "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of . . . the respondent" (Family Ct Act § 1046[a][I]; see Matter of John QQ., 19 AD3d 754, 756). "A finding of derivative neglect is warranted where the abuse or neglect of one child demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for other children in the [parent's] care'" (Matter of Ricky S. [Lyndell S.], 139 AD3d 959, 961, quoting Matter of David H. [Octavia P.], 127 AD3d 1084, 1086). In this regard, "[a] prior determination [of neglect] should be sufficiently proximate in time to reasonably conclude that the problematic conditions continue to exist, but there [*2]is no bright-line, temporal rule beyond which we will not consider older child protective determinations" (Matter of Ilonni I. [Benjamin K.], 119 AD3d 997, 998).
Given the prior finding of neglect and the father's failure to address his substance abuse issues and domestic violence issues, and taking into consideration the vulnerable age of the subject child, who was days old at the commencement of this proceeding, we find that the Family Court's determination that the father derivatively neglected the child was supported by a preponderance of the evidence. The father's acts of domestic violence and drug use in 2014 were sufficiently proximate in time to warrant the court's conclusion that the conditions persisted (see Matter of Landon U. [Amanda U.], 132 AD3d 1081, 1083; Matter of Paige WW. [Charles XX.], 71 AD3d 1200, 1203). Moreover, we agree with the court's determination to rely on the finding of neglect entered by the South Carolina court (see Domestic Relations Law §§ 75-a[4]; 77-l).
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court