Matter of Abel XX. (Jennifer XX.) (2020 NY Slip Op 02129)





Matter of Abel XX. (Jennifer XX.)


2020 NY Slip Op 02129


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

526745 526746

[*1]In the Matter of Abel XX. and Others, Alleged to be Neglected Children. St. Lawrence County Department of Social Services, Respondent; Jennifer XX., Appellant. (Proceeding No. 1.) In the Matter of Shelby YY., Alleged to be a Neglected Child. St. Lawrence County Department of Social Services, Respondent; Jennifer XX., Appellant. (Proceeding No. 2.)

Calendar Date: February 11, 2020

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
St. Lawrence County Department of Social Services, Canton (Amanda Calton of counsel), for respondent.
Reginald H. Bedell, Willsboro, attorney for the children.



Clark, J.
Appeals from two orders of the Family Court of St. Lawrence County (Morris, J.), entered February 28, 2018, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent is the mother of four children (born in 2001, 2010, 2012 and 2014), the youngest three of which were fathered by Patrick XX. In August 2017, petitioner commenced these neglect proceedings against respondent and Patrick XX. based upon, among other things, allegations of educational neglect relating to the second child and medical neglect relating to all of the children. Respondent was present in Family Court for an initial appearance on the petitions, during which time she consented to the temporary placement of the oldest child with the maternal grandmother. Patrick XX. did not appear at the initial appearance, and petitioner advised that it had not been able to serve him with the petitions. Over the course of several subsequent court appearances, at which respondent was present but Patrick XX. was not, petitioner advised the court that its repeated efforts to serve Patrick XX. with the petitions had been unsuccessful. At a November 2017 appearance, at which both respondent and Patrick XX. failed to appear, Family Court dismissed the petitions against Patrick XX. without prejudice.
In December 2017, respondent failed to appear for a permanency hearing relating to the oldest child and a hearing on the neglect petitions. Respondent's assigned counsel indicated that respondent was in Arizona, where it was believed that Patrick XX. had taken the three youngest children. At the request of respondent's counsel, Family Court adjourned the hearing until January 2018.
On the January 2018 hearing date, at which respondent once again failed to appear, petitioner requested to withdraw its petitions against respondent. Family Court provided both respondent's counsel and the attorney for the children with an opportunity to comment on petitioner's request, at which time the attorney for the children expressed his concern for his clients' safety. Referencing Matter of Jamie TT. (191 AD2d 132 [1993]), a case in which this Court found a law guardian to have provided ineffective assistance of counsel for failing to take steps to cure deficiencies in the petitioner's presentation of proof on a child abuse petition, Family Court asked the attorney for the children whether he would be "prepared to go forward" on the petitions if it declined to dismiss them. The attorney for the children requested a brief recess to go over the petitions and to speak with the caseworkers. Family Court granted that request. After the recess, the attorney for the children indicated his intention to go forward on the petitions, and Family Court permitted him to do so. Following the hearing, at which the attorney for the children presented the testimony of petitioner's caseworker and limited documentary evidence, Family Court issued two orders adjudicating the children to have been neglected by respondent. Respondent appeals from both orders.
Initially, we perceive no error or abuse of discretion in Family Court declining to dismiss the petitions and allowing the attorney for the children to adopt the petitions and proceed on them (see Family Ct Act § 1032 [b]; Matter of Amber A. [Thomas E.], 108 AD3d 664, 665 [2013]). Turning to the merits, as relevant here, a party seeking to establish neglect must prove, by a preponderance of the evidence, that a child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in supplying [him or her] with adequate . . . education in accordance with the provisions of part one of article [65] of the [E]ducation [L]aw, or medical . . . care, though financially able to do so or offered financial or other reasonable means to do so" (Family Ct Act § 1012 [f] [i] [A]; see Family Ct Act § 1046 [b] [i]; Matter of Amanda M., 28 AD3d 813, 814 [2006]).
Upon our review of the record, we find that — notwithstanding his laudable efforts to protect his clients' welfare by proceeding on the petitions in petitioner's stead — the attorney for the children failed to present sufficient competent evidence to support Family Court's findings of educational and medical neglect (see Family Ct Act § 1046 [b] [iii]). With respect to the claim of educational neglect, the attorney for the children sought to prove that respondent failed to ensure that the second child was enrolled in and attending an adequate educational program for the 2016-2017 school year and beyond, as legally required. To that end, the attorney for the children offered the testimony of petitioner's caseworker and her corresponding progress notes, which together established that respondent had stated to the caseworker that the second child was enrolled in a particular public elementary school. The attorney for the children, however, failed to present any admissible, nonhearsay evidence to establish that, contrary to respondent's assertion, the second child was not actually enrolled in that elementary school or any other educational program. Although the caseworker testified, and the progress notes similarly reflected, that she spoke with individuals at the elementary school and the school district office regarding the second child's enrollment in an educational program, neither her testimony nor the progress notes demonstrated that those conversations were admissible under an exception to the hearsay rule and, therefore, such evidence should not have been relied upon by Family Court (see Matter of Leon RR., 48 NY2d 117, 122-123 [1979]; Matter of Jaden C. [Phillip J.], 90 AD3d 485, 487 [2011]; Matter of Tiffany S., 302 AD2d 758, 761 [2003], lv denied 100 NY2d 503 [2003]).[FN1] In the absence of competent evidence establishing that the second child was not enrolled in an adequate educational program during the 2016-2017 school year, we find that a sound and substantial basis does not exist in the record to support Family Court's finding in this regard (compare Matter of William AA., 24 AD3d 1125, 1126 [2005], lv denied 6 NY3d 711 [2006]).
Family Court's findings of medical neglect are similarly unsupported by a sound and substantial basis in the record. The attorney for the children presented evidence establishing that, in August 2013, roughly four years prior to the filing of the petitions, a pediatric nurse practitioner — whose care respondent had sought — diagnosed the second and third children with whooping cough and had prescribed antibiotics for the family. The progress notes established that the caseworker visited respondent's home after the diagnosis, at which time respondent stated that she and Patrick XX. had declined on religious grounds to provide the antibiotics to the children, that they were treating the whooping cough with alternative medicine and that the children were recovering well.[FN2] The caseworker's notes indicated that she was able to observe the oldest child and the third child during the visit and that they appeared to be healthy.[FN3] The caseworker's testimony and progress notes also established that, in July 2017, the caseworker had a conversation with respondent, in which respondent stated that she suspected that the youngest child had Lyme disease and that she was using naturopathic treatments to address her suspicions.[FN4] Upon review of the foregoing evidence, and considering that some of the medical neglect allegations pertained to events that occurred more than four years earlier, we find that the attorney for the children failed to prove, by a preponderance of the evidence, that the children's physical conditions were in imminent danger of becoming impaired as a result of a failure to provide adequate medical care (see Family Ct Act § 1012 [f] [i] [A]; compare Matter of Josephine BB. [Rosetta BB.], 114 AD3d 1096, 1098-1099 [2014]). Accordingly, because Family Court's findings of neglect are not supported by a sound and substantial basis in the record, we must reverse Family Court's orders and dismiss the petitions.
Any arguments not expressly addressed herein have been reviewed and found to be without merit.
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the orders are reversed, on the law, without costs, and petitions dismissed.



Footnotes

Footnote 1: Although respondent's counsel should have raised objections to the hearsay evidence offered by the attorney for the children, we cannot uphold a finding of neglect that is supported solely by inadmissible evidence.

Footnote 2: Family Court's finding that the oldest child also contracted whooping cough in August or September 2013 was solely based upon inadmissible hearsay, and its finding that she consequently missed a substantial amount of school is wholly contradicted by the certified school records that were admitted into evidence.

Footnote 3: The oldest child was observed riding a scooter.

Footnote 4: The remaining evidence proffered by the attorney for the children on the 2013 and 2017 events was inadmissible and, although not objected to, should not have been relied upon by Family Court (see Family Ct Act § 1046 [b] [iii]).