Matter of Aiden J. (Armando K.) (2021 NY Slip Op 04637)





Matter of Aiden J. (Armando K.)


2021 NY Slip Op 04637


Decided on August 5, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:August 5, 2021

528263
[*1]In the Matter of Aiden J. and Others, Alleged to be Neglected Children. Ulster County Department of Services, Respondent; Armando K., Appellant. (And Two Other Related Proceedings.)

Calendar Date:June 2, 2021

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

MariAnn Connolly, Kingston, for appellant.
Ulster County Department of Social Services, Kingston (Daniel Gartenstein of counsel), for respondent.
Michelle I. Rosien, Philmont, attorney for the children.



Aarons, J.
Appeal from an order of the Family Court of Ulster County (Savona, J.), entered December 7, 2018, which granted petitioner's applications, in three proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent is the father of two children (born in 2006 and 2014) and a person legally responsible for another child (born in 2013). The middle child and the youngest child have the same biological mother. Petitioner commenced these neglect proceedings against respondent stemming from allegations that he left the middle and youngest children in the mother's care while knowing that the mother was highly intoxicated.[FN1] A fact-finding hearing was held, after which Family Court found that respondent neglected the middle and youngest children and that the oldest child was derivatively neglected. Respondent appeals. We reverse.
Neglect is established when a preponderance of the evidence shows that "the children's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and that the actual or threatened harm to the children results from the parent's failure to exercise a minimum degree of care in providing the children with proper supervision or guardianship" (Matter of Jakob Z. [Matthew Z.—Mare AA.], 156 AD3d 1170, 1171 [2017] [internal quotation marks and citation omitted]; see Matter of Cailynn O. [Vincenzo Q.], 192 AD3d 1408, 1409-1410 [2021]). At a hearing to establish neglect, "only competent, material and relevant evidence may be admitted" (Family Ct Act § 1046 [b] [iii]).
The record discloses that separate neglect petitions were filed against the mother and that, prior to respondent's hearing, they were disposed of after the mother admitted to a finding of neglect. However, at respondent's hearing, which the mother was not a party to, petitioner's caseworker testified as to what the mother had told her based upon their conversations. In this regard, the caseworker stated that the mother told her that, while the middle and youngest children were with her, she had been drinking heavily, that the mother believed that she may have assaulted one of the children and that, after respondent took the children for a while, he came back to her with some vodka, which she drank. As respondent and the attorney for the children correctly argue, Family Court improperly relied on this hearsay testimony — i.e., what the mother told the caseworker — in reaching its determination (see Matter of Lydia DD. [Khalil P.], 110 AD3d 1399, 1400 [2013]; Matter of Nicholas C. [Erika H.—Robert C.], 105 AD3d 1402, 1402-1403 [2013]; Matter of Imani B., 27 AD3d 645, 646 [2006]), and the error in doing so was not harmless (compare Matter of Jack NN. [Sarah OO.], 173 AD3d 1499, 1503 [2019], lvs denied 34 NY3d 904 [2019]).
Regarding the remaining, nonhearsay evidence, the evidence credited by Family Court failed to establish that respondent's actions placed the middle and youngest [*2]children at harm or at risk of imminent danger of harm so as to support a finding of neglect (see Family Ct Act § 1012 [f] [i] [B]; Nicholson v Scoppetta, 3 NY3d 367, 370 [2004]). The uncontroverted evidence demonstrated that respondent, who lived in the same apartment complex as the mother, maintained a presence at the mother's apartment throughout the day. Deferring to the court's credibility determinations, respondent's conduct, although not ideal, did not fall below the statutory minimum degree of care (see Matter of Andy Z. [Hong Lai Z.], 105 AD3d 511, 512 [2013]). Based on the foregoing, the neglect petitions must be dismissed (see Matter of Abel XX. [Jennifer XX.], 182 AD3d 632, 635 [2020]; Matter of Tyler M. [Scott M.], 139 AD3d 1401, 1402 [2016]; Matter of Lydia DD. [Khalil P.], 110 AD3d at 1400). In view of our determination, the court's finding of derivative neglect with respect to the oldest child must also be reversed.
Lynch, J.P., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petitions dismissed.



Footnotes

Footnote 1: The oldest child, who does not share a mother with the middle and youngest children, was not present during the underlying events.