Matter of Bryce Y. (Clint Y.) (2021 NY Slip Op 06725)





Matter of Bryce Y. (Clint Y.)


2021 NY Slip Op 06725


Decided on December 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 2, 2021

530314
[*1]In the Matter of Bryce Y. and Another, Alleged to be Neglected Children. Columbia County Department of Social Services, Respondent; Clint Y., Appellant.

Calendar Date:October 15, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Adam W. Toraya, Albany, for appellant.
Columbia County Department of Social Services, Hudson (Alexander W. Bloomstein of Baldwin & Bloomstein LLC, Hillsdale, of counsel), for respondent.
Michelle I. Rosien, Philmont, attorney for the child.
Pamela J. Joern, East Chatham, attorney for the child.



Egan Jr., J.P.
Appeal from an order of the Family Court of Columbia County (Koweek, J.), entered July 31, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent is the father of two children (born in 2010 and 2012). In 2018, petitioner commenced this Family Ct Act article 10 proceeding against respondent alleging that he and his girlfriend had subjected the children to excessive corporal punishment. Following a fact-finding hearing, Family Court adjudicated the children to have been neglected and derivatively neglected. Respondent appeals, and we affirm.
In order to establish neglect, petitioner was obliged to prove, "by a preponderance of the evidence, that the children's 'physical, mental or emotional condition[s] [were] impaired or [were] in imminent danger of becoming impaired as a result of [respondent's] failure . . . to exercise a minimum degree of care . . . in providing the[m] with proper supervision or guardianship,'" including by inflicting excessive corporal punishment (Matter of Cheyenne Q. [Charles Q.], 196 AD3d 747, 747-748 [2021], quoting Family Ct Act § 1012 [f] [i] [B]; see Family Ct Act § 1046 [b] [i]; Matter of Aiden J. [Armando K.], 197 AD3d 798, 798-799 [2021]; Matter of Justin A. [Derek C.], 133 AD3d 1106, 1107 [2015], lv denied 27 NY3d 904 [2016]). Of note, even one incident of excessive corporal punishment, regardless of whether it causes actual physical injury, can form the basis for a neglect finding (see Matter of Jade F. [Ashley H.], 149 AD3d 1180, 1183 [2017]; Matter of Dylynn V. [Bradley W.], 136 AD3d 1160, 1163 [2016]).
The child's mother testified at the hearing that the children had told her that respondent and his girlfriend were striking them, including in the groin, and that one of the children added that respondent had threatened to hurt both them and the mother if they said anything about it.[FN1] Petitioner's caseworker testified, in turn, that she had interviewed the children on several occasions after receiving reports about that conduct and that, after initial denials, both children told her that respondent and his girlfriend had struck them in "every place you can imagine." One child, in particular, detailed an incident in which he was hit so hard in the genitals by respondent or his girlfriend that he vomited, prompting them to turn to the other child, beat him until he also vomited, and clean up the mess with paper towels. The caseworker explained that it was not unusual for children to delay in disclosing such behavior — observing that, in this case, the children were afraid of respondent and what he might do if they did disclose it — and that nothing in her interviews with the children had led her to believe that they were being coached. The children also gave similar accounts to medical professionals, one of whom, a physician assistant, testified that he found the children to be credible despite the [*2]lack of physical indicia to corroborate their accounts. Further, some physical evidence for the children's claims existed in the form of a bruise on one of the children that the caseworker observed and that the child stated was caused by respondent striking him.
Respondent denied that he had inappropriately punished the children and presented testimony from individuals who had seen him with the children on occasion and never observed behavior of the type that the children described. According deference to Family Court's assessments that respondent's testimony was not credible and that his other witnesses were not in a position to confirm or deny whether he had subjected the children to excessive corporal punishment, we perceive a sound and substantial basis in the record for its determination that respondent neglected the children (see Matter of Jakob Z. [Matthew Z.-Mare AA.], 156 AD3d 1170, 1171-1172 [2017]; Matter of Jade F. [Ashley H.], 149 AD3d at 1183-1184; Matter of Dawn M. [Michael M.], 134 AD3d 1197, 1197-1198 [2015]).
Finally, to the extent that respondent challenges the finding of derivative neglect, he made no effort to either insulate each child from his own excessive corporal punishment of the other or stop his girlfriend from doling out similar punishment. Thus, Family Court appropriately found that his conduct "reflected such fundamentally flawed parenting as to create a compelling concern for the safety of all children in the household" (Matter of Christina BB., 305 AD2d 735, 736-737 [2003]; see Matter of Nicholas S. [John T.], 107 AD3d 1307, 1309 [2013], lv denied 22 NY3d 854 [2013]).
Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although the children did not testify at the hearing, their out-of-court statements were admissible in that they "cross-corroborated one another and were further corroborated by the testimony and documentary evidence presented at the hearing" (Matter of Dawn M. [Michael M.], 134 AD3d 1197, 1198 [2015]; see Family Ct Act § 1046 [a] [vi]; Matter of Dylynn V. [Bradley W.], 136 AD3d at 1162, 1164).