Matter of Lexie CC. (Liane CC.) (2021 NY Slip Op 00342)





Matter of Lexie CC. (Liane CC.)


2021 NY Slip Op 00342


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

528588

[*1]In the Matter of Lexie CC. and Others, Alleged to be Neglected Children. Delaware County Department of Social Services, Respondent; Liane CC., Appellant.

Calendar Date: November 18, 2020

Before: Lynch, J.P., Clark, Mulvey and Colangelo, JJ.; Aarons, J., vouched in.


Renee J. Albaugh, Accord, for appellant.
Amy B. Merklen, County Attorney, Delhi, for respondent.
Larisa Obolensky, Delhi, attorney for the children.



Clark, J.
Appeal from an order of the Family Court of Delaware County (Rosa, J.), entered January 17, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent is the mother of two children (born in 2012 and 2016). Bradley CC. is respondent's husband and the father of the younger child. In April 2018, after providing preventative services to respondent and Bradley CC. for many months, petitioner commenced this Family Ct Act article 10 proceeding against respondent alleging that she had neglected the children by, among other things, failing to exercise a minimum degree of care in providing the children with proper supervision or guardianship, thereby resulting in the children's physical, mental and emotional conditions being impaired or placed in imminent danger of becoming impaired. Following a fact-finding hearing, Family Court adjudicated the children to have been neglected by respondent. Respondent appeals, and we reverse.
Respondent solely argues that Family Court's neglect finding is not supported by a sound and substantial basis in the record. "[The] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004] [internal citation omitted]; see Family Ct Act § 1012 [f] [i] [B]). In determining whether a parent has failed to exercise a minimum degree of care, the dispositive inquiry is "whether 'a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances'" (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011], quoting Nicolson v Scoppetta, 3 NY3d at 370). We accord great deference to Family Court's findings and credibility determinations and we will not disturb them, unless they are unsupported by a sound and substantial basis in the record (see Matter of Nathanael E. [Melodi F.], 160 AD3d 1075, 1076 [2018]; Matter of Natalee M. [Nathan M.], 155 AD3d 1466, 1468 [2017], lv denied 31 NY3d 904 [2018]).
The evidence at the fact-finding hearing demonstrated that Bradley CC. — a veteran who suffers from a traumatic brain injury and posttraumatic stress disorder — has an alcohol and substance abuse problem, which has resulted in his frequent intoxication in the presence of the children and led to his increasing tendency to perpetrate acts of domestic violence against respondent. The evidence, including testimony from respondent, detailed two specific instances of domestic violence that required police intervention, one in September 2017 and one in December 2017. During the September 2017 incident, which [*2]occurred entirely outside the presence of the children, Bradley CC. threatened to kill himself and respondent while recklessly driving a vehicle in which respondent was a passenger. With respect to the December 2017 incident, the evidence established that, while intoxicated, Bradley CC. pushed respondent, grabbed her and otherwise directed threatening behavior at her, breaking a table, a television and respondent's cell phone during the incident.[FN1] The evidence suggested that the children did not witness the December 2017 domestic dispute, having been put to bed prior to the incident, but that they were likely awakened by the commotion. The evidence depicted an abusive relationship between respondent and Bradley CC.; however, the evidence does not support the conclusion that the children regularly and continuously witnessed the abuse and were actually harmed or at imminent risk of harm therefrom (see generally Nicholson v Scoppetta, 3 NY3d at 371).
Respondent's handling of the domestic abuse and Bradley CC.'s alcohol and substance misuse gave petitioner reasonable cause for concern. Indeed, the evidence established that respondent — a recovering heroin addict — was aware that Bradley CC. had a substance and alcohol abuse problem but failed to acknowledge — or minimized — the impact that such problem was having or could have on her and the children. Respondent admitted to coping with the circumstances by habitually using marihuana, but was resistant to treatment and mental health counseling and failed to recognize the problematic nature of her chosen coping mechanism, particularly given her history of addiction. Despite the concern that respondent was not dealing with the circumstances in a healthy manner, there was no evidence that she used marihuana in the presence of the children or that her usage had ever rendered her unable to care for the children (compare Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]).[FN2] While engaged with preventative services with petitioner, respondent seemingly understood the potential impact that Bradley CC.'s drinking could have on the children and agreed to a safety plan stating that he was not to be left alone to care for the children. Concerningly, there was some evidence to suggest that respondent may not have adhered to that directive at all times; however, petitioner did not produce any direct evidence demonstrating when any such alleged nonadherence occurred.
Further, amidst the ongoing unrest in respondent's household, the older child was exhibiting behavioral issues at school. To her credit, respondent sought to have the older child evaluated and he was ultimately diagnosed with attention deficit hyperactivity disorder and was prescribed medication for that diagnosis. As established by the evidence, the older child's prescription had to be adjusted over time and there was an occasion when he made comments that suggested that he may have been experiencing negative [*3]side effects from the prescription drug. The evidence demonstrated that respondent did not immediately react to petitioner's concerns regarding the child's comments. However, the evidence establishes that respondent did seek and obtain necessary medical care for the older child within a reasonable period of time, albeit not with the expediency that petitioner's caseworkers desired.
The totality of the evidence presented a close call for Family Court, as it revealed a family devolving further and further into crisis, while also threatening to discontinue its engagement with preventative services offered by petitioner. The evidence demonstrated that petitioner's caseworkers were reasonably concerned for the safety and well-being of the children, having witnessed the family struggle for months in the midst of ongoing and worsening domestic abuse directed at respondent by Bradley CC. and his regular alcohol and substance abuse. Certainly, respondent should and could have coped with the circumstances in a healthier manner, heeded the advice and warnings of preventative services more closely and been more diligent in following up with the older child's medical care. Respondent's failings in this regard, however, do not rise to such a level to support the conclusion that her actions and inactions actually impaired the children's physical, mental or emotional conditions or placed the children at imminent risk of such impairment (see Family Ct Act § 1012 [f] [i] [B]; see generally Nicholson v Scoppetta, 3 NY3d at 371; compare Matter of John QQ., 19 AD3d 754, 756 [2005]). Accordingly, as the finding of neglect is not supported by a sound and substantial basis in the record, we reverse Family Court's order and dismiss the petition.
Lynch, J.P., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition dismissed.



Footnotes

Footnote 1: Family Court improperly premised its neglect finding in part upon respondent's attempt "to leave the[ children] in the sole care of [Bradley CC.] knowing [he] was intoxicated" during the December 2017 incident. However, the evidence established that respondent attempted to flee for her safety, was prevented from doing so by Bradley CC. and ultimately was able to contact 911 (see generally Nicholson v Scoppetta, 3 NY3d at 371).

Footnote 2: Family Court erroneously based its neglect finding upon the "mother's repeated use of marihuana while caring for the children[,] including during pregnancy." Although the younger child tested positive at birth for the presence of THC, she was not born prematurely, underweight or with any other issues requiring intensive care or a prolonged hospital stay (compare Matter of Natalee M. [Nathan M.], 155 AD3d 1466, 1468 [2017], lv denied 31 NY3d 904 [2018]).