Matter of Cheyenne Q. (Charles Q.) (2021 NY Slip Op 04164)





Matter of Cheyenne Q. (Charles Q.)


2021 NY Slip Op 04164


Decided on July 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 1, 2021

528764
[*1]In the Matter of Cheyenne Q. and Another, Alleged to be Neglected Children. Schenectady County Department of Social Services, Respondent; Charles Q., Appellant.

Calendar Date:June 1, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Timothy S. Brennan, Albany, for appellant.
Christopher H. Gardner, County Attorney, Schenectady (Sarah H. Petraccione of counsel), for respondent.
Veronica Reed, Schenectady, attorney for the child.
Mitchell S. Kessler, Cohoes, attorney for the child.



Clark, J.
Appeal from an order of the Family Court of Schenectady County (Loyola, J.), entered February 28, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent is the father of two children (born in 2001 and 2004). In June 2016, petitioner commenced this Family Ct Act article 10 proceeding alleging that respondent had neglected the children by failing to provide them with recommended mental health treatment for their persistent mental health issues and had used excessive corporal punishment against the younger child.[FN1] Following a fact-finding hearing, which took place over a period of roughly 20 months, Family Court adjudicated the children to have been neglected. Respondent appeals, primarily arguing that Family Court's determination is not supported by a sound and substantial basis in the record.[FN2]
To establish neglect, as alleged in the petition, petitioner bore the burden of proving, by a preponderance of the evidence, that the children's "physical, mental or emotional condition[s] [were] impaired or [were] in imminent danger of becoming impaired as a result of [respondent's] failure . . . to exercise a minimum degree of care . . . in providing the[m] with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]; see Family Ct Act § 1046 [b] [i]). In determining whether respondent failed to exercise a minimum degree of care, the critical inquiry is "whether 'a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances'" (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011], quoting Nicholson v Scoppetta, 3 NY3d 357, 370 [2004]). We accord "great weight" to Family Court's factual findings and credibility determinations and will not disturb them if they are supported by a sound and substantial basis in the record (Matter of Natalee M. [Nathan M.], 155 AD3d 1466, 1468 [2017], lv denied 31 NY3d 904 [2018]; see Matter of Lexie CC. [Liane CC.], 190 AD3d 1165, 1165 [2021]).
Turning first to the older child, the evidence, including psychiatric and therapy records, established that she suffers from serious and persistent mental health issues, which cause her to experience auditory and visual hallucinations and express suicidal ideations. The evidence demonstrated that, for most of 2015, the older child's mental health issues were treated through a combination of medication and talk therapy and that she was responding positively to that treatment plan, having reported a decrease in hallucinations. However, as established by the evidence, the older child suffered a prolonged gap in her recommended mental health treatment beginning in December 2015. Specifically, despite a recommendation to return in four weeks, the older child did not return for a medication check after her November 2015 psychiatry appointment, having discontinued her medication sometime after that appointment. Respondent testified [*2]that the decision to discontinue the older child's medication was made upon consultation with her treatment providers, but such claim was not borne out by the medical records or other evidence, and Family Court ultimately did not credit respondent's testimony. The evidence further established that the older child did not attend therapy from January 2016 through March 2016 and that her therapy attendance following a March 2016 hotline report was spotty and inconsistent. Given the extent and nature of the older child's mental health issues, we agree with Family Court that respondent did not act as a reasonable and prudent parent would by failing for a prolonged period of time to provide the older child with recommended mental health treatment and that such failure caused the older child's physical, mental and/or emotional condition to be impaired or at imminent risk of becoming impaired (see Matter of Samuel DD. [Margaret DD.], 81 AD3d 1120, 1122-1124 [2011]; compare Matter of Terrence P., 38 AD3d 254, 256-257 [2007]). Accordingly, we find that there is a sound and substantial basis in the record to support Family Court's neglect finding as to the older child.
The evidence demonstrates that the younger child similarly suffers from serious and persistent mental health issues, which have caused him to engage in self-harming behavior and have required multiple psychiatric hospitalizations. As established by the evidence, the younger child was discharged from Ellis Hospital's Adolescent Mental Health Unit in November 2015 with a recommended treatment plan that consisted of medication and regular therapy. However, notwithstanding the younger child's recent psychiatric episode, respondent failed to follow the recommended treatment plan. The evidence, including pharmacy records, demonstrated that respondent did not refill the younger child's medication after 30 days and that he failed to ensure that the younger child received regular and consistent talk therapy. The therapy records reflect that the younger child received only two therapy sessions between November 2015 and May 2016. Significantly, in March 2016, following a monthslong gap in consistent mental health treatment, the younger child was psychiatrically hospitalized for more than a month. Based upon respondent's failure to follow the younger child's recommended mental health treatment plan, we find that a sound and substantial basis exists in the record to support the conclusion that respondent did not exercise a minimum degree of care in providing the younger child with proper supervision or guardianship and that the younger child's physical, mental and emotional conditions were impaired as a result (see Matter of Dayshaun W. [Jasmine G.], 133 AD3d 1347, 1348 [2015]; Matter of Samuel DD. [Margaret DD.], 81 AD3d at 1122-1124). A sound and substantial basis also exists in the record to support Family Court's finding of neglect based upon respondent's use of excessive corporal punishment [*3]against the younger child on an occasion in July 2016, just one day before he was once again psychiatrically hospitalized (see Matter of Bianca QQ. [Kiyonna SS.], 75 AD3d 679, 680-681 [2010]; Matter of Aaliyah Q., 55 AD3d 969, 971 [2008]).[FN3]
As a final matter, we reject respondent's general contention that he received ineffective assistance of counsel. Our review of the record reveals that, despite his argumentative and disruptive tendencies, respondent's attorney provided him with meaningful representation. Among other things, respondent's attorney successfully advocated against a joint hearing on the instant neglect petition and a neglect petition that was filed against respondent in May 2017, which included additional allegations with respect to the older child.[FN4] Considering this circumstance, as well as our review of the record as a whole, we find that respondent received the effective assistance of counsel (see Matter of Tracey L. v Corey M., 151 AD3d 1209, 1212 [2017]; Matter of Rosi v Moon, 84 AD3d 1445, 1447 [2011]). As there is no basis upon which to disturb Family Court's order, we affirm.
Egan Jr., J.P., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The children were removed from respondent's care during the pendency of this proceeding and placed in the care and custody of petitioner.

Footnote 2: Like petitioner, the attorneys for the children argue that Family Court's determination is supported by a sound and substantial basis in the record and urge us to affirm.

Footnote 3: Respondent's admissions to petitioner's caseworker reflected that respondent believed the younger child's issues to be behavioral in nature.

Footnote 4: The docket number associated with the May 2017 petition was erroneously included on the order underlying this appeal.