Matter of Jaxxon WW. (Donald XX.) (2021 NY Slip Op 07591)





Matter of Jaxxon WW. (Donald XX.)


2021 NY Slip Op 07591


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

532074
[*1]In the Matter of Jaxxon WW. and Others, Alleged to be Neglected Children. Clinton County Department of Social Services, Respondent; Donald XX., Appellant.

Calendar Date:November 15, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.

Michelle I. Rosien, Philmont, for appellant.
Clinton County Department of Social Services, Plattsburgh (Allison W. Mussen of counsel), for respondent.
Reginald H. Bedell, Willsboro, attorney for the children.



Lynch, J.
Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered July 22, 2020, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent is the alleged father of two children (born in 2018 and 2020), both of whom have the same mother, Zienna WW. (hereinafter the mother). The mother also has another child (born in 2017) from a prior relationship. In March 2020 — following the initial removal of all three children from the mother's care — petitioner commenced this neglect proceeding against respondent contending that he "knew or should have known of the risk the . . . mother . . . posed to the subject children due to her unaddressed mental health and anger issues, yet [he] failed to ensure the[ir] safety and well-being." In particular, the petition alleged that respondent defended the mother's "lack of consistent engagement in mental health treatment," "provide[d] minimal, if any, intervention and/or assistance" to her with respect to the children and failed to take seriously a report made to Child Protective Services regarding the mother's care. Following a fact-finding hearing,[FN1] Family Court found that respondent was a person legally responsible for the two younger children (hereinafter the children) and that he had neglected them by failing to provide adequate guardianship and/or supervision. The court dismissed the petition as it pertained to the oldest child, finding that respondent was not a person legally responsible for said child. Respondent appeals.
Respondent does not challenge Family Court's finding that he is a person legally responsible for the care of the children. Rather, he contends that the neglect finding against him with respect to the children is not supported by a sound and substantial basis in the record. We disagree. A child protective proceeding may be brought against "any parent or other person legally responsible for a child's care who is alleged to have abused or neglected such child" (Family Ct Act § 1012 [a]). "Neglect is established when a preponderance of the evidence shows that the children's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and that the actual or threatened harm to the children results from the [respondent's] failure to exercise a minimum degree of care in providing the children with proper supervision or guardianship" (Matter of Aiden J. [Armando K.], 197 AD3d 798, 798-799 [2021] [internal quotation marks and citations omitted]; see Matter of Messiah RR. [Christina RR.], 190 AD3d 1055, 1057 [2021]). "In determining whether [a] respondent failed to exercise a minimum degree of care, the critical inquiry is whether a reasonable and prudent parent would have so acted, or failed to act, under the circumstances" (Matter of Cheyenne Q. [Charles Q.], 196 AD3d 747, 748 [2021] [internal quotation marks, brackets and [*2]citations omitted], lv denied ___ NY3d ___ [Dec. 14, 2021]). "We accord great deference to Family Court's findings and credibility determinations and we will not disturb them, unless they are unsupported by a sound and substantial basis in the record" (Matter of Lexie CC. [Liane CC.], 190 AD3d 1165, 1165 [2021] [citations omitted]).
The evidence at the fact-finding hearing established that respondent and the mother resided together and apart at various times throughout the proceedings. Petitioner presented abundant evidence that, despite being aware that the mother was overwhelmed and exercised extremely poor judgment in caring for the children, repeatedly exposing them to harm, respondent was not only reluctant to provide assistance but often failed to do so. Deferring to Family Court's credibility assessments, we find that, cumulatively, there was sufficient evidence to support the neglect finding against respondent as it pertains to the children. Petitioner presented evidence that, rather than assisting the mother by interceding with the children when she became overwhelmed, respondent dismissed concerns regarding her mental health by maintaining that she needed to increase her medication dosage. Respondent also failed to take seriously a report to Child Protective Services that the mother had acted aggressively toward two of the children during a pediatrician appointment, averring instead that the report was fake. Although respondent appears to have, at some point and to some degree, taken on the role of caregiver to the middle child — purportedly in an attempt to alleviate the mother's stress — this action alone was inadequate to address petitioner's valid concerns regarding the children's well-being. It is manifest that respondent failed to recognize that it was his obligation, and not just the mother's, to assure that the children were properly cared for.
We also find that respondent made extremely poor parenting decisions of his own, including providing lax supervision to the children, smoking inside of his residence even though the middle child has breathing issues and failing to appropriately secure a hunting knife (see Matter of Johnathan Q. [James Q.], 166 AD3d 1417, 1419 [2018]; Matter of Hailey XX. [Angel XX.], 127 AD3d 1266, 1268-1269 [2015]). To the extent that respondent suggests that there was no proof of actual harm to the children attributable to his actions (or lack thereof), this contention is misplaced, as imminent harm — which was established here — is sufficient to sustain a neglect finding (see Family Ct Act § 1012 [f] [i] [B]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; Matter of Joseph PP. [Kimberly QQ.], 172 AD3d 1478, 1480 [2019]).
Egan Jr., J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The evidence at the fact-finding hearing also pertained to a separate neglect petition filed against the mother.