Matter of Asiah S. (Nancy S.) (2023 NY Slip Op 00359)

Matter of Asiah S. (Nancy S.)

2023 NY Slip Op 00359

Decided on January 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 26, 2023

534074 534632
[*1]In the Matter of Asiah S., Alleged to be a Neglected Child. Delaware County Department of Social Services, Respondent; Nancy S., Appellant.

Calendar Date:December 15, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Lisa K. Miller, McGraw, for appellant.
Amy B. Merklen, County Attorney, Delhi, for respondent.
Jane M. Bloom, Monticello, attorney for the child.

Aarons, J.
Appeals (1) from an order of the Family Court of Delaware County (Richard D. Northrup Jr., J.), entered September 9, 2021, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected, and (2) from an order of said court (Gary A. Rosa, J.), entered December 23, 2021, which continued the placement of the subject child with petitioner.
Respondent is the mother of a child (born in 2007). In March 2021, the child was temporarily removed from respondent and placed in petitioner's care. Shortly thereafter, petitioner commenced this neglect proceeding. Following a fact-finding hearing, Family Court (Northrup Jr., J.) adjudicated the child to be neglected. A dispositional hearing ensued, after which Family Court (Rosa, J.) continued the child's placement with petitioner. Respondent appeals.
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004] [internal citation omitted]). Deference is given to Family Court's factual findings and determinations of credibility when they are supported by a sound and substantial basis in the record (see Matter of Jarrett SS. [Jade TT.—Scott SS.], 183 AD3d 1031, 1033 [3d Dept 2020]).
The proof from the fact-finding hearing establishes that respondent and the child lived with respondent's boyfriend and his family members in a multibedroom trailer. They also resided in the trailer with three rabbits and multiple dogs and cats. A caseworker with petitioner visited the trailer and noted a strong smell of urine and feces. The proof further demonstrates that the boyfriend's father was verbally abusive toward respondent and the child and that the child was exposed to individuals who had committed a sexual offense or had sexually abused a child, the latter of which respondent was aware. While in respondent's care, the child posted sexually explicit pictures on social media and had sexual conversations with an adult, and efforts to stop such behavior were largely unsuccessful. The child also hid a knife under her mattress, brought a knife to school and was cutting herself with glass pieces. Although the child received counseling for her mental health issues, respondent had expressed that taking the child for such therapy was a "waste of gas." Respondent was also offered services to move to a different residence but she did not avail herself of them.
Family Court (Northrup Jr., J.) relied on this evidence in concluding that the child's physical and mental condition were impaired while she was in respondent's care and that respondent [*2]failed to exercise a minimum degree of care in providing the child with proper supervision. As such, the neglect determination will not be disturbed (see Matter of Jack NN. [Sarah OO.], 173 AD3d 1499, 1502-1503 [3d Dept 2019], lvs denied 34 NY3d 904 [2019]; Matter of Ahriiyah VV. [Rebecca WW.], 160 AD3d 1140, 1142 [3d Dept 2018], lv denied 31 NY3d 911 [2018]; Matter of Zackery D. [Tosha E.], 129 AD3d 1121, 1123 [3d Dept 2015]; Matter of Michael VV. [Arthur VV.], 68 AD3d 1210, 1211-1212 [3d Dept 2009]).[FN1]
Regarding the determination by Family Court (Rosa, J.) to continue the child's placement with petitioner, the proof from the dispositional hearing reflects that, although respondent was no longer in a relationship with the boyfriend, she nonetheless still resided in the same place with his family members, one of whom had previously sexually abused a child. Respondent was offered other places to live but declined them because she was unable to take her pets with her to those alternative places. The proof further reveals that respondent was inappropriate during some of the supervised visits with the child. Notwithstanding the proof indicating that respondent had participated in some services provided by petitioner, in view of the evidence credited by the court, the continued placement of the child in petitioner's care serves the best interests of the child (see Matter of Ja'Sire FF. [Jalyssa GG.], 206 AD3d 1076, 1080 [3d Dept 2022], lv denied 38 NY3d 912 [2022]; Matter of Alexis AA. [John AA.], 97 AD3d 927, 930 [3d Dept 2012]; Matter of Keaghn Y. [Heaven Z.], 84 AD3d 1478, 1479 [3d Dept 2011]).
Garry, P.J., Lynch, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: Respondent contests Family Court's evidentiary ruling to admit certain indicated reports. Even if respondent was correct that such reports should not have been admitted, any error was harmless (see Matter of Nicole VV., 296 AD2d 608, 613 [3d Dept 2002], lv denied 98 NY2d 616 [2002]).