Matter of Raquel ZZ. (Angel ZZ.) (2023 NY Slip Op 02364)

Matter of Raquel ZZ. (Angel ZZ.)

2023 NY Slip Op 02364

Decided on May 4, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 4, 2023

535486
[*1]In the Matter of Raquel ZZ., Alleged to be a Neglected Child. Sullivan County Department of Family Services, Respondent; Angel ZZ., Appellant. (And Three Other Related Proceedings.)

Calendar Date:March 28, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Cliff Gordon, Monticello, for appellant.
Michael F. McGuire, County Attorney, Monticello (Kristin L. Hackett of counsel), for Sullivan County Department of Family Services, respondent.
Ivy M. Schildkraut, Rock Hill, for Noreen ZZ., respondent.
Marcia Heller, Rock Hill, attorney for the child.

Ceresia, J.
Appeal from an order of the Family Court of Sullivan County (Mark M. Meddaugh, J.), entered April 22, 2022, which granted petitioner's application, in four proceedings pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.
Respondents Angel ZZ. (hereinafter the father) and Noreen ZZ. (hereinafter the mother) are the parents of a child (born in 2006). The child has been diagnosed with, among other things, major depressive disorder, bulimia nervosa, autism spectrum disorder, generalized anxiety disorder and trauma- and stress-related disorder, with a history of suicidal ideation and suicide attempts. In January 2020, at the recommendation of the child's treatment team and with the parents' consent, the child was placed in a residential treatment program that provided both educational and mental health services. In July of that year, the child went home for a visit and the parents then refused to return her to the residential facility, citing concerns that the child was harming herself there and was in danger of exposure to COVID-19. Within weeks, however, the child decompensated, requiring psychiatric hospitalization for suicidal thoughts and self-harming behaviors. Upon her release from the hospital, the parents did not allow the child to return to her residential placement, and although the local school district applied to numerous other residential programs on the child's behalf, none accepted her. That fall, the parents enrolled the child in online schooling while she was living at home, but she attended only a small fraction of the remote learning sessions and did not engage in mental health treatment, prompting petitioner to file neglect petitions against the father and the mother, respectively. Following additional psychiatric hospitalizations as well as an intense verbal altercation between the parents that triggered the child to have a suicidal episode, petitioner filed two more neglect petitions, seeking removal of the child from the parents' home.
Family Court held a removal hearing in February 2021, determined that removal was necessary to prevent imminent risk to the child and issued orders of protection prohibiting the parents from having unsupervised contact with her. A fact-finding hearing ensued in December 2021, after which the court adjudicated the child to be neglected. Following a March 2022 dispositional hearing, the court determined that the child should remain in petitioner's custody, extended the orders of protection and ordered the parents to undergo psychological evaluations and complete a parenting class. The father appeals.[FN1]
" 'A party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of [*2]care in providing the child with proper supervision or guardianship' " (Matter of Asiah S. [Nancy S.], 212 AD3d 1062, 1063 [3d Dept 2023] [brackets omitted], quoting Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Matter of Aiden LL. [Tonia C.], 191 AD3d 1213, 1213 [3d Dept 2021]). The father concedes that the first prong of this test has been met, in that the child is at imminent risk of harm, but argues that this is due to the child's mental and emotional issues as opposed to any neglect on his part.
In that regard, "[w]hen determining whether a parent or guardian has failed to exercise a minimum degree of care, the relevant inquiry is whether a reasonable and prudent parent would have so acted, or failed to act, under the circumstances" (Matter of Jarrett SS. [Jade TT. — Scott SS.], 183 AD3d 1031, 1032 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Annaleigh X. [Ashley Y.], 205 AD3d 1109, 1111 [3d Dept 2022]). Notably, "[a] parent's unwillingness to follow a recommended course of psychiatric treatment which results in the impairment of a child's emotional health may support a finding of neglect" (Matter of Jaelin L. [Kimrenee C.], 126 AD3d 795, 796 [2d Dept 2015], lv denied 25 NY3d 910 [2015]; see Matter of Cheyenne Q. [Charles Q.], 196 AD3d 747, 748-749 [3d Dept 2021], lv denied 37 NY3d 915 [2021]). Further, "[u]nrebutted evidence of excessive school absences is sufficient to establish educational neglect" (Matter of Dayshaun W. [Jasmine G.], 133 AD3d 1347, 1348 [4th Dept 2015] [internal quotation marks, brackets, ellipsis and citation omitted]; see Matter of Amanda M., 28 AD3d 813, 814 [3d Dept 2006]). "We accord great deference to Family Court's findings and credibility determinations and we will not disturb them, unless they are unsupported by a sound and substantial basis in the record" (Matter of Jaxxon WW. [Donald XX.], 200 AD3d 1522, 1523 [3d Dept 2021] [internal quotation marks and citation omitted]).
The evidence at the fact-finding hearing supported Family Court's determination that the parents failed to appreciate the nature of the child's mental health issues and the best treatment methods for her. There was proof that the parents insisted upon a day program for the child, refused to return her to residential treatment and instead challenged their caseworker to "take [them] to court." There was also evidence that the child's self-harming behaviors increased outside of residential treatment, yet the parents would not acknowledge that the child's needs were greater than what could be provided to her while living at home. Additionally, the child missed 84% of the virtual schooling sessions that were available to her. With specific respect to the father, the hearing evidence showed that the father labeled the child an "attention seeker," threw her down on one occasion and threatened, in her presence, to commit murder-suicide, and these actions negatively impacted the child's mental health. Accordingly[*3], we find a sound and substantial basis in the record to support Family Court's finding of neglect (see Matter of Cheyenne Q. [Charles Q.], 196 AD3d at 748-749; Matter of Amanda M., 28 AD3d at 814-815).
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother has not appealed but has filed a brief in which she joins the father's arguments. The attorney for the child opposes the father's appeal.