Matter of Tibor I. (Tibor H.) (2025 NY Slip Op 03371)

Matter of Tibor I. (Tibor H.)

2025 NY Slip Op 03371

Decided on June 5, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 5, 2025

CV-24-0795
[*1]In the Matter of Tibor I. and Another, Alleged to be Neglected Children. Tioga County Department of Social Services, Respondent; Tibor H., Appellant. (And Another Related Proceeding.)

Calendar Date:April 22, 2025

Before:Garry, P.J., Clark, Pritzker, McShan and Powers, JJ.

Lisa K. Miller, McGraw, for appellant.
Peter DeWind, County Attorney, Owego (Nicole S. Pence of counsel), for respondent.
Andrea J. Mooney, Ithaca, for Stacy H.
Robert C. Kilmer, Owego, attorney for the children.

Pritzker, J.
Appeal from an order of the Family Court of Tioga County (Adam Schumacher, J.), entered May 22, 2024, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent (hereinafter the father) and Stacy H. (hereinafter the mother) are the parents of the subject children (twins born in 2015). The mother also has two adult children from a previous relationship (hereinafter the stepdaughters or, individually, the older stepdaughter and the younger stepdaughter). During the relevant time period, the mother, the father, the stepdaughters and the subject children all resided in a home together. In September 2023, petitioner filed separate but identical neglect petitions against the father and the mother, alleging that they neglected the subject children by engaging in domestic violence incidents in front of them and inflicting physical injuries, among other things. Following a fact-finding hearing, Family Court issued separate orders of fact-finding and disposition for each parent, finding that the father and the mother had neglected the children. As far as the disposition, both parents consented to 12-month orders of supervision. The father appeals.[FN1]
The father contends that the evidence is insufficient to support a finding of neglect. "A party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Raquel ZZ. [Angel ZZ.], 216 AD3d 1242, 1243-1244 [3d Dept 2023] [internal quotation marks and citations omitted]; see Family Ct Act § 1012 [f] [i]). "In determining whether a respondent failed to exercise a minimum degree of care, the critical inquiry is whether a reasonable and prudent parent would have so acted, or failed to act, under the circumstances" (Matter of Jaxxon WW. [Donald XX.], 200 AD3d 1522, 1523 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Matter of Raquel ZZ. [Angel ZZ.], 216 AD3d at 1244). "[A] single act of domestic violence may be sufficient to establish neglect if the child is present for such violence and is visibly upset and frightened by it" (Matter of Kaitlyn SS. [Antonio UU.], 184 AD3d 961, 963 [internal quotation marks, brackets and citation omitted] [3d Dept 2020]; accord Matter of R.E. [S.F.], 212 AD3d 1009, 1010 [3d Dept 2023]). Finally, a parent "may be held accountable for the neglectful acts of another if he or she knew or should reasonably have known that the children were in danger" (Matter of Bonnie FF. [Marie VV.],220 AD3d 1078, 1080 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]).
At the fact-[*2]finding hearing, petitioner presented the testimony of the younger stepdaughter, a deputy sheriff from Tioga County Sheriff's Department and three of petitioner's caseworkers who were involved with the family during the relevant time period. This testimony established, as to the allegations of domestic violence in the petition, that there was frequent fighting between the adults in the home and the police had to be called on a staggering number of occasions. Both children told caseworkers that they witnessed incidents of domestic violence between the adults in the home, including the father, and that it negatively impacted them. For instance, one of the children told a caseworker that he did not feel safe in the home when the adults are fighting. The father also testified regarding ongoing domestic violence between the adults in the home. While he attempted to downplay these incidents and/or minimize his and the mother's involvement in them, Family Court clearly rejected this testimony as not being credible, which is a determination to which we defer (see Matter of Kaitlyn SS. [Antonio UU.], 184 AD3d at 966; Matter of Johnathan Q. [James Q.], 166 AD3d 1417, 1419 [3d Dept 2018]). Accordingly, the record reflects that the children suffered an impairment from frequent exposure to domestic violence by the parents, including the father (see Matter of R.E. [S.F.], 212 AD3d at 1011; Matter of Kaitlyn SS. [Antonio UU.], 184 AD3d at 966). Further, the testimony and exhibits established that both children received physical injuries either directly at the hands of the father or while the father was present and failed to intervene to prevent an injury (see Matter of Jade F. [Ashley H.], 149 AD3d 1180, 1183 [3d Dept 2017]; Matter of Justin O., 28 AD3d 877, 879 [3d Dept 2006]).[FN2] Therefore, in our view, "Family Court's finding that [petitioner] established neglect by a preponderance of the evidence is supported by a sound and substantial basis in the record" (Matter of Kaitlyn SS. [Antonio UU.], 184 AD3d at 966 [citation omitted]; see Matter of Nina VV. [Wendy VV.], 216 AD3d 1215, 1217 [3d Dept 2023]). We have reviewed the father's remaining contentions and, to the extent not specifically addressed herein, find them to be without merit.
Garry, P.J., Clark, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The father's notice of appeal incorrectly indicates that the order appealed from was entered in March 2024. However, as it is clear that the order actually appealed from is the order of fact-finding and disposition, entered May 22, 2024, we "exercise our discretion to deem the premature notice of appeal as valid" (Matter of Jayce G. [Daniel H.], 229 AD3d 857, 858 n 1 [3d Dept 2024]).

Footnote 2: While the father also argues that Family Court improperly considered testimony regarding his drug use as it was outside the four corners of the petition, this contention is unpreserved as the father failed to object (see Matter of Avery KK. [Nicholas KK.], 144 AD3d 1429, 1429 [3d Dept 2016]). Moreover, it is clear from Family Court's fact-finding order that the finding of neglect was primarily based upon the domestic violence in the home and that the testimony of the father's drug use was part and parcel of this violence as well as his failure to intervene when the mother perpetrated violence against the children.