Matter of Jasic UU. (Natasha UU.) (2026 NY Slip Op 00958)

Matter of Jasic UU. (Natasha UU.)

2026 NY Slip Op 00958

Decided on February 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 19, 2026

CV-25-0024
[*1]In the Matter of Jasic UU. and Another, Alleged to be Neglected Children. Tioga County Department of Social Services, Respondent; Natasha UU., Appellant.

Calendar Date:January 6, 2026

Before:Garry, P.J., Reynolds Fitzgerald, McShan, Powers and Mackey, JJ.

Lisa K. Miller, McGraw, for appellant.
Peter J. DeWind, County Attorney, Owego (Nicole S. Pence of counsel), for respondent.
Robert C. Kilmer, Binghamton, attorney for the children.

Powers, J.
Appeal from an order of the Family Court of Tioga County (Adam Schumacher, J.), entered December 31, 2024, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent (hereinafter the mother) is the mother of the subject children (born in 2009 and 2018; hereinafter the older child and the younger child, respectively).[FN1] In May 2023, petitioner attempted to commence an investigation after receiving a report that the mother had brought the younger child to the hospital with the suspicion that she had been sexually abused by an unnamed babysitter. However, the mother refused to allow the younger child to be interviewed. Petitioner continued to be in contact with the mother over the ensuing months regarding several other issues, and, in September 2023, the children were protectively removed and placed in foster care pursuant to Family Ct Act § 1024. Petitioner then commenced this neglect proceeding alleging that the mother was suffering from an unknown mental health or substance abuse condition causing paranoia, was under the influence of drugs while caring for the children and, as a result, is not able to comprehend the needs of the children. On these grounds, petitioner requested continued placement of the children. Following a fact-finding hearing, Family Court adjudicated the children to be neglected and, after a subsequent dispositional hearing, placement of the children in petitioner's care was continued. The mother appeals.[FN2]
"A party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Raquel ZZ. [Angel ZZ.], 216 AD3d 1242, 1243-1244 [3d Dept 2023] [internal quotation marks and citations omitted]; see Family Ct Act § 1012 [f] [i]). "[N]eglect occurs when an individual behaves in a manner at odds with that of a reasonable and prudent parent under the circumstances, and that behavior results in actual harm or an imminent threat of danger to the children that is near or impending, not merely possible" (Matter of Caylin T. [Christine T.], 229 AD3d 859, 861 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Hakeem S. [Sarah U.], 206 AD3d 1537, 1538 [3d Dept 2022], lv denied 39 NY3d 904 [2022]). "[A] finding of neglect requires only an imminent threat of injury or impairment, not actual injury or impairment, and such threat may be established through a single incident or circumstance" (Matter of Kingston V. [Javon V.], 234 AD3d 1056, 1057 [3d Dept 2025] [internal quotation marks and citation omitted], lv dismissed 43 NY3d 951 [2025]).
The evidence presented [*2]by petitioner at the fact-finding hearing consisted of testimony from two of petitioner's employees, including the assigned caseworker, as well as multiple law enforcement witnesses. The caseworker explained that petitioner received a report related to allegations of sexual abuse of the younger child. Yet, to the caseworker's knowledge, the younger child was never examined because the mother left the hospital with that child before an examination could occur. The mother later made allegations that the older child had stolen and sold her prescription medication, threatened to bring him to the police and requested that petitioner take custody of that child. As a result of these allegations, the caseworker recommended a person in need of supervision (hereinafter PINS) diversion intake occur for the older child, but the mother ultimately declined. Instead, to apparently prevent the older child from stealing and selling her medication, the mother began to carry her medication, balled up and wrapped in plastic wrap, on her person. When asked to provide the original packaging to that medication, the mother was unable to do so. The caseworker opined that there were no indications that the older child had been illicitly selling the mother's prescription medication, as it did not appear that he had extra funds. The caseworker further clarified that the drug testing undertaken by the mother was not a substance abuse evaluation and only determined the levels of her prescription medications. Notably, the caseworker opined that the mother acted unreasonably in many respects during the relevant time, including by denying access to the younger child after suspected sexual abuse and asking that petitioner take custody of the older child rather than utilizing offered services.
In their respective testimonies, law enforcement officers described multiple interactions they had with the mother and the children. These included when the mother reported the older child missing on two separate occasions. Officers opined that during these interactions the mother appeared to be more concerned with informing them that she believed the older child had tampered with her cellphone than determining his whereabouts. Additionally, the mother instructed officers not to bring the older child home because of her belief that he had stolen her medication. On one of these occasions, she did not retrieve the older child when his whereabouts were determined, despite being directed to do so. It was also explained that the mother called police to her home previously because she believed there to be a child locked in a vehicle in front of her home but, when they arrived shortly thereafter, there was no child in the vehicle. During another interaction, the mother informed officers that someone had stolen her refrigerator but, upon inspection, it was evident that such an item could not fit through the window she claimed the thieves utilized. An officer opined that, based upon his training, the [*3]mother's actions were suggestive of drug use. The mother testified on her own behalf, explaining that there was no indication that the younger child had been sexually abused, though conceding that an examination did not occur. Additionally, she denied having refused to speak to the caseworker regarding the incident. As to the older child, the mother informed petitioner of her suspicions that he was stealing her medication because she was seeking services that would benefit him, however, she ultimately declined PINS intervention because it was not the specific services she was seeking. When asked if she had any proof that the older child was stealing her medication, the mother confirmed that she did not and that it was only her suspicion. The mother admitted that she has a prescription for Percocet as a result of a prior back injury, but she specifically denied abusing drugs and claimed that she was drug tested by her primary care physician. The mother denied numerous aspects of testimony proffered during petitioner's case-in-chief.
As the mother's actions were not those of a reasonably prudent parent and placed the children in imminent danger, there is a sound and substantial basis in the record to support the finding of neglect here (see generally Family Ct Act § 1012 [f] [i]). Petitioner's proof established that the mother was unduly paranoid, as demonstrated by her accusations — which she admitted lacked proof — that the older child stole her medication and hacked her cellphone, as well as her linked statements that he was not welcome to return home and requesting petitioner to take custody over him rather than utilize offered services. This behavior, in combination with her refusal to allow petitioner to speak with the younger child, despite her own concern that the younger child had been sexually abused, and her continued inability to recognize how these actions impacted the children, were not actions of a reasonably prudent parent (see Matter of Caylin T. [Christine T.], 229 AD3d at 862). The root cause of the mother's behavior, be it mental health or drug related, is not borne out by the record. However, what the record does demonstrate is an impaired level of parental judgment which created a substantial risk of harm to the children, evidenced by, among other things, the older child's expression of an intent to self-harm, which resulted in him being taken to a psychiatric hospital (see Matter of Asiah S. [Nancy S.], 212 AD3d 1062, 1063 [3d Dept 2023], lv denied 39 NY3d 913 [2023]; Matter of Jacklynn BB. [Donna CC.], 155 AD3d 1363, 1364 [3d Dept 2017]; see also Matter of Asiah S. [Nancy S.], 228 AD3d 1034, 1035 [3d Dept 2024], lv denied 42 NY3d 907 [2024]). Giving due deference to its factual findings and credibility determinations, Family Court properly determined that the mother failed to exercise a minimum degree of care which exposed the children to an imminent risk of harm (see Matter of Kingston V. [Javon V.], 234 AD3d at 1060; Matter [*4]of Alexisana PP. [Beverly PP.], 136 AD3d 1170, 1172 [3d Dept 2016]). Accordingly, the mother was properly found to have neglected the children.
The mother next takes issue with Family Court's determination that it was not in the children's best interests to return them to her care. "[A] dispositional order in a neglect proceeding must reflect a resolution consistent with the best interests of the child[ren] after consideration of all relevant facts and circumstances, . . . includ[ing] the parent's capacity to properly supervise the child[ren], based on current information and the potential threat of future neglect" (Matter of Joseph GG. [Chrystal FF.], 227 AD3d 1238, 1241-1242 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see Matter of Ava OO. [Michael NN.], 235 AD3d 1135, 1137 [3d Dept 2025]). The testimony taken during the dispositional hearing reveals that the mother's behaviors had not improved following the neglect adjudication. In fact, the mother made concerning statements during visits with the children which caused them anxiety and stress. The mother also failed to undergo requested drug screens and mental health evaluations. Based upon this, the court's determination that the children's best interests were served by continued placement in petitioner's care, rather than return to the mother's custody, has a sound and substantial basis in the record (see Matter of Jaylin XX. [Jamie YY.], 216 AD3d 1224, 1229 [3d Dept 2023]; Matter of Asiah S. [Nancy S.], 212 AD3d at 1064).
Finally, the mother asserts that the children were deprived of their right to effective assistance of counsel by, among other things, the attorney for the children's (hereinafter AFC) failure to advocate for the children's wishes. However, the mother did not seek to remove the AFC before Family Court, nor did she allege that the AFC was improperly substituting judgment. As a result, this contention is unpreserved for our review (see Matter of Olivia RR. [Paul RR.], 207 AD3d 822, 824 [3d Dept 2022]; see also Matter of Marina C. v Dario D., 228 AD3d 1016, 1019 [3d Dept 2024], lv denied 42 NY3d 909 [2024]). Nevertheless, even if it were properly before us, we would find it to be without merit as we are satisfied that the children were afforded meaningful representation (see generally Matter of Alyson J. [Laurie J.], 88 AD3d 1201, 1203 [3d Dept 2011], lv denied 18 NY3d 803 [2012]). The mother's remaining contentions, to the extent not directly addressed herein, have been reviewed and found to be lacking in merit.
Garry, P.J., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The older child's father is deceased; the younger child's father is not a party to this proceeding.

Footnote 2: The mother's notice of appeal purports to appeal from Family Court's June 2024 and November 2024 decisions. Inasmuch as no appeal lies therefrom (see CPLR 5512 [a]; Family Ct Act § 1112 [a]; Matter of Samantha E. v Nicholas F., 233 AD3d 1295, 1296 n 1 [3d Dept 2024]), we exercise our discretion to overlook this error and treat the appeal as being validly taken from the court's ultimate December 2024 order (see CPLR 5520 [c]; Matter of Tyrell FF. [Jaquasisa GG.], 166 AD3d 1331, 1332 n [3d Dept 2018], appeal dismissed 33 NY3d 1063 [2019]).