Matter of Leo RR. (Joshua RR.) (2023 NY Slip Op 01041)

Matter of Leo RR. (Joshua RR.)

2023 NY Slip Op 01041

Decided on February 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 23, 2023

535302 
[*1]In the Matter of Leo RR. and Another, Alleged to be Neglected Children. Chemung County Department of Social Services, Respondent; Joshua RR., Appellant.

Calendar Date:January 17, 2023 

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Christopher Hammond, Cooperstown, for appellant.
M. Hyder Hussain, County Attorney, Elmira (Damian M. Sonsire of counsel), for respondent.
Andrea J. Mooney, Ithaca, attorney for the children.

Clark, J.
Appeal from an order of the Family Court of Chemung County (Mary M. Tarantelli, J.), entered March 31, 2022, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent and Marianne SS. (hereinafter the mother) are the parents of two children, a son (born in 2020) and a daughter (born in 2021). In July 2021, while the mother was pregnant with the daughter, petitioner commenced an investigation after receiving a report that respondent and the mother were abusing heroin and methamphetamine. Soon thereafter, petitioner's caseworkers conducted a home visit and noted that respondent's home was cluttered and filled with debris. Respondent corrected this condition within days. The caseworkers also asked respondent to submit to a drug test, which he initially refused. In late August 2021, the mother gave birth to the daughter, who tested positive for drugs at birth. During the pregnancy, the mother was enrolled in a drug treatment program and was under drug court and probation supervision.
On September 2, 2021, petitioner sought a temporary order of removal for both children, which order Family Court (Rich Jr., J.) granted, and the children were placed with the paternal uncle. The next day, respondent agreed to submit to a drug test, and he tested positive for amphetamine and methamphetamine. Several months later, at the start of the fact-finding hearing, the mother consented to a finding of neglect against her pertaining to both children. Respondent opted to proceed to a fact-finding hearing. At the conclusion of that hearing, Family Court (Tarantelli, J.) determined that respondent neglected the daughter but not the son.[FN1] The court premised its findings on respondent's failure to prevent the mother's drug use during her pregnancy by not reporting such use to her probation officer. Respondent appeals.
Neglect is established where a preponderance of the evidence demonstrates that a parent has failed to exercise a minimum degree of care and that such failure has caused the child's "physical, mental or emotional condition [to be] impaired or [to be] in imminent danger of becoming impaired" (Family Ct Act § 1012 [f] [i]; see Family Ct Act § 1046 [b] [i]). It is well established that a newborn's positive toxicology, in conjunction with evidence that links such toxicology to the newborn's impairment or imminent risk of impairment, suffices to establish a finding of neglect against the mother (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]; Matter of John QQ., 19 AD3d 754, 756 [3d Dep 2005]). Similarly, where a father is aware of the mother's drug addiction or drug use, a finding of neglect may be entered against him if he fails to exercise a minimum degree of care to prevent the mother from abusing drugs during pregnancy and such failure causes the newborn to suffer impairment or to be placed at imminent risk of [*2]impairment (see Matter of Camden J. [William J.], 167 AD3d 1346, 1350 [3d Dept 2018]; Matter of Stevie R. [Arvin R.], 111 AD3d 1078, 1079 [3d Dept 2013]; Matter of Stevie R. [Arvin R.], 97 AD3d 906, 907-908 [3d Dept 2012]). The conduct of a respondent facing neglect allegations in a Family Ct Act article 10 proceeding "is measured against the behavior of a reasonable and prudent parent faced with the same circumstances" (Matter of Micah S. [Rogerio S.], 206 AD3d 1086, 1087 [3d Dept 2022] [internal quotation marks and citation omitted]; see Matter of Jaxxon WW. [Donald XX.], 200 AD3d 1522, 1523 [3d Dept 2021]). "Family Court's factual findings and credibility determinations are accorded great weight in such a proceeding and will not be disturbed on appeal unless they lack a sound and substantial basis in the record" (Matter of Nathanael E. [Melodi F.], 160 AD3d 1075, 1076 [3d Dept 2018] [citations omitted]; see Matter of Annaleigh X. [Ashley Y.], 205 AD3d 1109, 1111 [3d Dept 2022]).
Respondent argues that Family Court erred when it found that, knowing that the mother was abusing drugs while pregnant with the daughter, respondent failed to exercise a minimum degree of care when he failed to report the mother's drug use to her probation officer.[FN2] In its decision, Family Court found that respondent made "some efforts to intervene as to the mother's drug use," by enrolling her in an inpatient drug treatment facility, attending drug treatment sessions and drug court proceedings with the mother and preventing her from residing with the son and limiting her contact with him. Indeed, the court stated that respondent had "failed to do the one thing that would have ensured that [the mother did] not have access to drugs while pregnant, reporting her to her probation officer," and it found that this single failure constituted neglect. Under the circumstances of this case, we disagree.
Respondent testified that, around the time that he learned of the mother's drug use, he also learned that the mother had a warrant for her arrest due to her issues with probation. Respondent further testified that he and the mother agreed that the mother would engage in an inpatient treatment program to address her addiction and that she would then turn herself in to probation. He stated that, four days after entering inpatient treatment, the mother signed herself out and absconded. Deferring to Family Court's credibility determinations, petitioner failed to prove by a preponderance of the evidence that respondent failed to exercise a minimum degree of care required of a reasonable and prudent parent (see Matter of Micah S. [Rogerio S.], 206 AD3d at 1089-1090; Matter of Aiden J. [Armando K.], 197 AD3d 798, 799 [3d Dept 2021]; compare Camden J. [William J.], 167 AD3d at 1350; Matter of Stevie R. [Arvin R.], 111 AD3d at 1079).[FN3] While respondent could have contacted the mother's probation officer and reported her drug use, a warrant for the mother's arrest was already in place, [*3]and respondent seemingly lacked any information to assist probation in locating her. [FN4] Consequently, Family Court's finding that respondent neglected the daughter is not supported by a sound and substantial basis in the record.[FN5] Respondent's remaining contentions are rendered academic by such finding and, in any event, lack merit.
Garry, P.J., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is modified, on the law and the facts, without costs, by reversing so much thereof as sustained the neglect petition as to the younger child; petition dismissed in its entirety; and, as so modified, affirmed.

Footnotes

Footnote 1: The order also states that a Lincoln hearing was not conducted due to the young age of the children. However, we note that Lincoln hearings, and the confidentiality protections such hearings afford, are not available in a Family Ct Act article 10 proceeding (see Matter of Justin CC. [Tina CC.], 77 AD3d 207, 212 [3d Dept 2010]).

Footnote 2: Petitioner and the attorney for the children argue in favor of sustaining the neglect finding.

Footnote 3: During the fact-finding hearing, petitioner pursued an alternate theory of neglect premised on respondent testing positive for amphetamine and methamphetamine, which Family Court rejected. On appeal, petitioner expressly abandons this theory.

Footnote 4: Although petitioner proffered three witnesses, including two of its caseworkers, their testimony focused on the condition of the father's home during the initial home visits, on the father's initial refusal to submit to a drug screen and on his September 2021 positive drug screen. None of those witnesses' testimony contravened the father's assertions that he helped the mother engage in treatment upon learning about her relapse or that, after she signed herself out of treatment, he had no contact with her for the remainder of the pregnancy. Further, petitioner failed to proffer any additional evidence such as the mother's probation or drug treatment records to contradict the father's timeline of events.

Footnote 5: Although not argued by the parties, we note that Family Court's finding that the daughter "remained hospitalized for neonatal abstinence syndrome" and had "to be weaned off the opiates by morphine management" is not substantiated by the record as no medical records were introduced into evidence. Because a newborn's positive toxicology, alone, is insufficient to support a finding of neglect (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d at 79), and the record is bereft of evidence showing that the daughter's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" (Family Ct Act § 1012 [f] [i]), petitioner failed to meet its burden of proving that the daughter was a neglected child.