Matter of Daniel QQ. v Tanya RR. (2023 NY Slip Op 03051)

Matter of Daniel QQ. v Tanya RR.

2023 NY Slip Op 03051

Decided on June 8, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 8, 2023

534226
[*1]In the Matter of Daniel QQ., Respondent,
v
Tanya RR., Appellant. (And Three Other Related Proceedings.)

Calendar Date:May 2, 2023

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Monique B. McBride, Albany, for appellant.
Karen R. Crandall, Schenectady, for respondent.
Veronica Reed, Schenectady, attorney for the child.

Pritzker, J.
Appeal from an order of the Family Court of Schenectady County (Kevin Burke, J.), entered September 20, 2021, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2004). Pursuant to a 2016 order, the mother and the father shared joint legal custody of the child, with the father having primary physical custody and the mother having supervised parenting time as mutually agreed and reasonable telephone contact with the child. In March 2019, the father commenced this modification proceeding seeking sole custody. That same day, the father filed a family offense petition seeking an order of protection against the mother. At the first appearance on the petitions, in March 2019, a temporary order of protection was issued against the mother. In July 2019, the mother filed a cross-petition to modify the custody order seeking certain parenting time and then, in December 2020, filed a second modification petition seeking "more liberal visitation with [the] child." In September 2021, at the conclusion of a hearing on all four petitions, and following a Lincoln hearing, Family Court found that the father established a change in circumstances on his modification petition and determined that it is in the best interests of the child to grant the father sole legal and physical custody and to suspend all contact between the child and the mother. The court also granted the father's family offense petition and issued a two-year no contact order of protection. The mother appeals.
The mother contends that Family Court abused its discretion by terminating her supervised visitation. However, during the pendency of the appeal the child turned 18, thus rendering moot any issues related to visitation (see Matter of Leslie LL. v Robert NN., 208 AD3d 1479, 1480 n [3d Dept 2022]; Vickie F. v Joseph G., 195 AD3d 1064, 1065 n 3 [3d Dept 2021]).[FN1] To the extent that the mother's allegation that she received ineffective assistance of counsel at the hearing is relative to the determination that she committed a family offense and the issuance of the order of protection, which has not yet expired, we are unpersuaded. We have reviewed the mother's claimed deficiencies regarding the two attorneys who represented her throughout the hearing and find that "[t]he alleged failings of the [two] attorneys are . . . largely inconsequential to the outcome of these proceedings given the evidence adduced at the hearings" (Matter of Cecelia BB. v Frank CC., 200 AD3d 1411, 1418 [3d Dept 2021]). Viewing the record in totality, the mother received meaningful representation, especially in light of her decision to absent herself from the proceeding mid-trial and then, once she appeared again, decline to continue on with her testimony (see id.; Matter of Brent O. v Lisa P., 161 AD3d 1242, 1247 [3d [*2]Dept 2018]).
Aarons, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: This determination extends to the mother's argument that Family Court erred by directing the attorney for the child to provide advice to the father relative to his custody modification petition.