Matter of Caylin T. (Christine T.) (2024 NY Slip Op 03569)

Matter of Caylin T. (Christine T.)

2024 NY Slip Op 03569

Decided on July 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2024

CV-22-1912
[*1]In the Matter of Caylin T. and Another, Alleged to be Neglected Children. Otsego County Department of Social Services, Respondent; Christine T., Appellant.

Calendar Date:May 29, 2024

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Mackey, JJ.

Lisa K. Miller, McGraw, for appellant.
Denise J.B. Hollis, County Attorney, Cooperstown (Corrie A. Damulis of counsel), for respondent.
Larisa Obolensky, Bovina Center, attorney for the children.

Mackey, J.
Appeal from an order of the Family Court of Otsego County (Michael F. Getman, J.), entered August 26, 2022, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent (hereinafter the mother) is the mother of twins (born in 2006) and was married to the children's father, who is now deceased. On September 27, 2021, during an argument with the father, the mother punched a hole in the wall while the children, who were 15 years old at the time of the alleged incident, were present. The next day, the father filed a family offense petition and was granted a temporary order of protection benefiting himself and the children. The temporary order of protection required the mother to vacate the family's residence and she was not granted visitation.[FN1]
On January 21, 2022, the father passed away at the family home and, before his body was taken from the premises, the mother went to the house and demanded to see his body. After being refused entry to the home by the children's maternal grandmother, the mother forced her way into the home, where the children were present and had armed themselves with a baseball bat and metal pipe. The grandmother called 911 and law enforcement responded. On January 26, 2022, petitioner commenced this proceeding alleging that the mother neglected the children and requesting that the children be removed from the mother's custody and placed with family friends. At the same time, the attorney for the children commenced a separate family offense proceeding against the mother on behalf of the children and a temporary order of protection was entered on January 27, 2022 directing the mother to stay away from the children.[FN2] On February 25, 2022, after a hearing on the issue of the children's temporary removal, Family Court issued an order, among other things, directing the temporary removal of the children. In July 2022, following a lengthy fact-finding hearing, Family Court adjudicated the children to be neglected. It held a dispositional hearing on August 18, 2022, after which the court continued the children's placement with family friends, and placed the mother under an order of supervision. Family Court declined to order visitation between the mother and the children in light of the outstanding order of protection. The mother appeals from the order of disposition.
The children are now over the age of 18 and are no longer subject to the custody and visitation provisions of the order of disposition (see Family Ct Act § 119 [c]; Matter of Daniel QQ. v Tanya RR., 217 AD3d 1080, 1081 [3d Dept 2023]). Thus, the appeal from so much of the order of disposition as relates to custody and visitation is moot. However, the appeal from so much of the order of disposition as determined that the mother neglected the children is not moot as "the finding of neglect could be used against the mother in the future" (Matter of Nina VV. [Wendy VV.], 216 AD3d [*2]1215, 1215 n 2 [3d Dept 2023] [internal quotation marks, brackets and citation omitted]).
"A party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Raquel ZZ. [Angel ZZ.], 216 AD3d 1242, 1243-1244 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Hazelee DD. [Nicholas EE.], 222 AD3d 1223, 1225 [3d Dept 2023]). "To put it differently, neglect occurs when an individual behaves in a manner at odds with that of a reasonable and prudent parent under the circumstances, and that behavior results in actual harm or an imminent threat of danger to the children that is near or impending, not merely possible" (Matter of Hazelee DD. [Nicholas EE.], 222 AD3d at 1224 [internal quotation marks, brackets and citations omitted]; see Matter of Hakeem S. [Sarah U.], 206 AD3d 1537, 1538 [3d Dept 2022], lv denied 39 NY3d 904 [2022]). "Such a threat may well be found to have resulted from a single incident or circumstance" (Matter of Aiden L., 47 AD3d 1089, 1090 [3d Dept 2008] [citations omitted]). "Family Court's factual findings and credibility determinations are accorded great weight in such a proceeding and will not be disturbed on appeal unless they lack a sound and substantial basis" (Matter of Leo RR. [Joshua RR.], 213 AD3d 1190, 1191-1192 [3d Dept 2023][internal quotation marks and citations omitted]; see Matter of Messiah RR. [Christina RR.], 190 AD3d 1055, 1057 [3d Dept 2021]).
Here, the mother's behavior was at odds with that of a reasonable and prudent parent when she argued with the father and punched a hole through the wall with her fist. Notably, when speaking about her argument with the father, the mother expressed her regret in commencing a discussion with the father rather than her regret in yelling and punching the wall. The mother's focus remained on her emotions at the time of the incident and minimized that of the children. As to the incident on the day of the father's death, we are mindful that the events of the day would lead to a heightened emotional state in any parent. However, her actions fell far below reasonable parental behavior in that she violated the order of protection in arriving at the home, yelled at and threatened to harm the grandmother and placed her children in fear, compelling them to arm themselves with a pipe and bat to protect themselves. Family Court characterized the mother as "selfish, erratic and frightening," noting that "there was nothing reasonable or prudent about" her actions. Additionally, testimony was elicited that the mother's use of yelling and name-calling created a tense living situation that was harmful [*3]to the children. Accordingly, when deferring to Family Court's creditability determinations, we conclude that there is a sound and substantial basis in the record to support the finding that the children's mental states had been impaired by the mother's behavior (see Matter of Ja'Sire FF. [Jalyssa GG.], 206 AD3d 1076, 1080 [3d Dept 2022], lv denied 38 NY3d 912 [2022]; compare Matter of Hakeem S. [Sarah U.], 206 AD3d at 1539).
Aarons, J.P., Pritzker, Lynch and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The temporary order of protection was not made a part of the record on appeal before this Court, so the only understanding of the contents is gleaned from the parties' submissions.

Footnote 2: The order of protection was extended by Family Court on July 11, 2022. In September 2022, the attorney for the children voluntarily discontinued the family offense petition filed against the mother.